**Krukovitz v. Cole**

C.P. of Lackawanna County, no. 93 Civil 5086.

*Harry T. Coleman* and *Edwin A. Abrahamsen,* for plaintiff.

310

*John J. Aponick Jr.* and *Carl J. Guagliardo,* for defendant.

MUNLEY, *J.,* September 19, 1996—Before the court are the plaintiff's motion for summary judgment and the defendant's cross-motion for summary judgment. The plaintiff brought this action to recover damages arising from an automobile accident which occurred when she was a passenger in the defendant's automobile. The parties briefed their respective positions and oral argument has been heard.

The facts giving rise to the present motions are as follows: This personal injury action arises out of a one-car automobile accident which occurred on August 8, 1992. Plaintiff was a passenger in a car being driven eastbound on Interstate 80 by the defendant. Plaintiff alleges she was injured when the defendant lost control of the car, causing an accident.

On October 11, 1993, plaintiff initiated an action against defendant to recover for damages arising out of the accident. Included in the suit was a claim for the noneconomic damages of pain and suffering. However, plaintiff's ability to recover noneconomic damages is restricted because she chose limited tort automobile insurance coverage. Limited tort coverage provides for recovery of damages for pain and suffering only if the plaintiff suffered serious injury pursuant to 75 Pa.C.S. §1702. The statute reads in relevant part: "Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss." 75 Pa.C.S. §1705(d). "Serious injury" is defined as "a personal injury resulting in death, serious im-

pairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702.

After the close of pleadings in the present case, the plaintiff moved for partial summary judgment on the issue of whether the plaintiff suffered substantial bodily injury. The defendant filed a cross-motion for summary judgment claiming that the plaintiff had in fact failed to provide evidence of substantial bodily injury.

A trial court may properly grant summary judgment under Pa.R.C.P. 1035(b) when the moving party has established that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *SEPTA v. Simpkins,* 167 Pa. Commw. 451, 648 A.2d 591 (1994). The record is examined by the court in the light most favorable to the non-moving party. See volume 6 Standard Pennsylvania Practice 2d, section 31:1 et seq. The Pennsylvania Superior Court has further clarified when a summary judgment is proper in cases involving the limited tort option of the Motor Vehicle Financial Responsibility Law. When no genuine issue of material fact is in dispute, the trial court should grant summary judgment to either the plaintiff or defendant based upon whether or not the plaintiff has proven whether he suffered serious bodily injury. *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223, *alloc. granted,* 544 Pa. 608, 674 A.2d 1072 (1996). However, if a substantial dispute of fact does exist, then the jury is to decide if the plaintiff suffered serious bodily injury. *Id.*

The central issue in the instant matter is whether plaintiff has established a "serious injury" within the meaning of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S §1701 et seq. Plaintiff contends that

she has proven conclusively that she has suffered serious impairment of body function and is therefore entitled to summary judgment as to that issue. Defendant alleges that the plaintiff has failed to establish serious injury and that the defendant is therefore entitled to summary judgment on the issue.

After a thorough review of this matter we are convinced that a summary judgment would not be proper as to either party. The conflicting medical opinions of those who examined the plaintiff create a substantial question of fact on which reasonable minds could differ; therefore, the court is without power to grant summary judgment.

The plaintiff claims that she has proven that she suffered serious bodily injury from the accident. In support of her position she relies on the deposition testimony of Glenn Czulada D.C., her treating chiropractor. The relevant part of the deposition reads as follows:

"Q: Do you have an opinion within a reasonable degree of certainty as to whether or not the injury she sustain [sic] in an automobile accident on August 8, 1992, have [sic] created any permanent impairment?

"A: Yes, I do.

"Q: What is your opinion?

"A: It is my opinion that these injuries have created a permanent partial impairment with permanent and significant loss of function, special in the thoracic and lumbar spine." Deposition Dr. Czulada pp. 25-26.

Plaintiff claims that the defendant has not provided evidence to counter Dr. Czulada's testimony and therefore is entitled to a summary judgment on the issue of serious bodily injury. However, the defendant has

filed as of record the deposition of Dr. Joseph Cronkey M.D., which does counter Dr. Czulada's testimony. The deposition of Dr. Cronkey reads in relevant part as follows:

"I don't think she [plaintiff] has a moderate or severe impairment. She does indeed have some functional complaints of achiness at the end of her full days of work, and that she is indeed, I honestly think, suffering from. But I don't think that would be defined as even a mild disability. . . I think she has an affliction, but I don't think it is severe or moderate, and I think it's even less than mild." Deposition Dr. Cronkey p. 19.

A genuine issue of material fact exists because the plaintiff's witness and the defendant's witness have given conflicting testimony. A summary judgment for the plaintiff would therefore be improper.

The defendant bases his cross-motion for summary judgment on the premise that the injuries sustained in the present case are insufficient to be "serious injury" under the Limited Tort Act. The defendant points to the *Dodson* case where summary judgment was granted for the defendant because the plaintiff did not meet the threshold of establishing serious injury. The defendant contends that the injury in the case sub judice is less severe than the injury in *Dodson* and therefore cannot as matter of law be "serious injury."

Based upon the record, it is not clear that plaintiff's injuries are less severe than the injuries of the *Dodson* plaintiff. In *Dodson* the evidence showed an "objectively identifiable injury which has resolved, leaving only slight limitations in arm function." *Id.* at 501, 665 A.2d at 1234-35.

In the present case, the plaintiff has presented evidence of an injury which continues to cause pain and

affects the functions of sitting, standing, sleeping, and social and recreational activities. Deposition Dr. Czulada p. 26. While the defendant has presented evidence to counter this, Dr. Czulada's testimony must be viewed in the light most favorable to the plaintiff in deciding defendant's cross-motion. Based upon this testimony the finder of fact may find that plaintiff has suffered serious bodily injury.

Moreover, the Pennsylvania Motor Vehicle Financial Responsibility Law is not designed as a means to dismiss summarily all noneconomic damage claims of limited tort plaintiffs. The law clearly allows for the recovery of noneconomic damages when serious injury occurs. 75 Pa.C.S. §1705(d).

The *Dodson* court did not draw a bright line rule delineating what is serious injury and what is not. The question of serious injury is very fact specific and peculiar to each case.

The *Dodson* court did, however, set forth a two part test to use in determining whether summary judgment is proper in a case involving the limited tort option. The first inquiry is what body function is impaired. *Id.* at 499, 665 A.2d at 1233. In the present case, the plaintiff has presented evidence of impairment of the functions of sitting, standing, sleeping and social/recreational activities. Deposition Dr. Czulada p. 26.

After the impairment is identified the next inquiry is to determine if the impairment is serious. *Id.* at 499, 665 A.2d at 1233. Factors to be considered include: the extent of the impairment, how long it lasted, what body function was impaired, the treatment required to remedy it, and any other relevant factors. *Id.* at 499, 665 A.2d at 1233-34. In the instant case the plaintiff has presented evidence of impairment of basic and important body functions such as sitting and standing.

Deposition Dr. Czulada p. 26, see also, pp. 27-28. The plaintiff presented evidence that the impairment is permanent and no further improvement is expected. Furthermore, the plaintiff's treating chiropractor stated in his deposition: "It is my opinion that these injuries have created a permanent partial impairment with permanent and significant loss of function, special in the thoracic and lumbar spine." *Id.* at 26.

The injury which the plaintiff received is deemed a soft tissue injury. Deposition Dr. Czulada p. 17. The Pennsylvania Superior Court has held that: "it is very possible there will be instances where pain is significant enough to interfere . . . with bodily functioning even where only soft tissue injuries have been sustained." *Murray v. McCann,* 442 Pa. Super. 30, 38, 658 A.2d 404, 408 (1995). The court is convinced that the jury may find that this is one of those instances if they find the plaintiff's evidence credible.

For the foregoing reasons, we will enter an order denying plaintiff's motion for partial summary judgment and denying defendant's cross-motion for summary judgment.

## ORDER

And now, to wit, September 19, 1996, the court having considered plaintiff's motion for partial summary judgment and defendant's cross-motion for summary judgment, the briefs and arguments of able counsel and for the reasons set forth in the accompanying opinion, it is hereby ordered that:

(1) Plaintiff Lori Krukovitz's motion for partial summary judgment is denied, and

(2) Defendant James Cole's cross-motion for summary judgment is denied.