21847

George N. HOWELL, d/b/a George's Wholesale Meats, Plaintiff-Respondent, v. Robert King DAVIS, Sr., Robert King Davis, Jr., and First-Citizens Bank and Trust Company of New Bern, North Carolina, Defendants, of whom Robert King Davis, Jr. is also Respondent, and Robert King Davis, Sr. and First-Citizens Bank and Trust Company of New Bern, North Carolina, are Appellants.

(299 S. E. (2d) 336)

*Antony M. Merck*, of *Buist, Moore, Smythe & McGee*, Charleston, *for appellant First-Citizens Bank and Trust Co.* of New Bern, North Carolina; and *David F. Groose*, Charleston, *for appellant Robert King Davis, Sr.*

*Allen R. DuPree*, North Charleston, *for respondent George N. Howell, d/b/a George's Wholesale Meats;* and *David F. Groose*, Charleston, *for respondent Robert King Davis, Jr.*

Jan. 5, 1983.

*Per Curiam:*

In this conversion action, the jury returned a verdict for Respondent Howell against Respondent Davis, Jr., in an amount which exceeded the amount requested in the complaint. Respondent Davis, Jr., made motions for mistrial, new trial, and judgment notwithstanding the verdict. Respondent Howell joined in the motions for mistrial and for a new trial as to Respondent Davis, Jr., only. Appellants made no motions.

The court granted a mistrial as to all parties on the ground the verdict exceeded the complaint's request. Appellants object to the court's granting a mistrial and requiring them to participate in a second trial. We agree and reverse the lower court's order.

A mistrial is granted in a case in which the jury is discharged without a verdict; a motion for new trial is made after a judgment has been rendered. *State v. Johnson,* 248 S. C. 153, 149 S. E. (2d) 348 (1966). Granting a mistrial was inappropriate after the jury returned its verdict. *Johnson.*

Respondent Davis, Jr., made a motion for a new trial involving him as the sole defendant; Respondent Howell joined in this motion. The court denied the motion on the ground a new trial could only be granted if all defendants were involved. Where, as here, the jury's verdict exonerated Appellant Davis, Sr., and Appellant Bank of liability, and the ground for granting a new trial was the inappropriateness of the amount of damages, a new trial involving appellants would not be proper. *Williams v. Williams,* 246 S. C. 158, 142 S. E. (2d) 858 (1965). In addition, Respondent Howell did not seek a new trial against appellants. The court erred in denying the motion for a new trial involving Respondent Davis, Jr., as the only defendant.

Respondent Howell agreed to a new trial as to Respondent Davis, Jr.; therefore, we do not consider the appropriateness of granting a new trial on the ground that the verdict exceeded the amount requested in the complaint.

We reverse the Court's order of a mistrial requiring a new trial as to all defendants, and we remand the matter for a new trial as to Respondent Howell and Respondent Davis, Jr.