648 A.2d 591

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant,**

v.

**Carolyn SIMPKINS.**

Commonwealth Court of Pennsylvania.

Argued May 10, 1994.

Decided Sept. 16, 1994.

Joan A. Zubras, for appellant.

Aloysius J. Staud, for appellee.

Before DOYLE and COLINS, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from an order of the Court of Common Pleas of Philadelphia County which denied SEPTA's motion for summary judgment.

Carolyn Simpkins was injured on August 16, 1991, when she slipped and fell while alighting from a SEPTA bus. Simpkins filed a complaint against SEPTA alleging that her injuries were the result of SEPTA's negligence in failing to maintain, repair, clean and inspect the steps of the bus; in allowing the steps to exist in a defective condition; in allowing substances to accumulate on the steps; and, in failing to warn her of the danger.

SEPTA filed an Answer and New Matter in which it raised the defense of sovereign immunity. Thereafter, SEPTA filed a Motion for Summary Judgment arguing that Simpkins' cause of action did not lie within the motor vehicle exception

to sovereign immunity. Attached to SEPTA's motion were portions of Simpkins' deposition in which she stated that the step of the bus was wet and sticky. Simpkins was asked how the accident occurred and she testified as follows: "I got off the bus and I went to step down. I just made one step and it was a top of a cup or something, and I slipped and I fell." Deposition of Carolyn Simpkins, p. 12.

Simpkins filed an Answer in opposition to the Motion for Summary Judgment and included as New Matter an allegation that her cause of action fell under the "care, custody or control of personal property" exception. The trial court denied SEPTA's motion stating that SEPTA failed to prove that Simpkins' cause of action did not come within the vehicle exception or the personal property exception to sovereign immunity. The trial court, in determining that SEPTA had failed to prove that Simpkins' cause of action did not come within the vehicle exception, stated "Simpkins was injured while alighting from a bus, owned and operated by SEPTA, which had come to a stop. However, we find nothing in the record before us to indicate that the SEPTA bus' engine was not in running [sic] or that the bus was actually parked at the time of the accident." Trial court opinion, p. 5.

SEPTA filed a Motion for Certification to appeal the interlocutory order which was denied by the trial court. SEPTA then petitioned this Court for review of the interlocutory order, which petition was granted.[1]

 Our scope of review of trial court order denying summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Altoona Area School District v. Campbell,* 152 Pa.Commonwealth Ct. 131, 618 A.2d 1129 (1992), *petition for allowance of appeal denied,* 535 Pa. 639, 631 A.2d 1010 (1993). A trial court may properly grant summary judgment when the moving party has established that no genuine issue of material fact

1. The Official Note to Pa.R.A.P. 1311 provides that the proper mode of challenging the lower tribunal's refusal to permit an interlocutory appeal is a petition for review under Pa.R.A.P. 1501–1561 of an unappealable order of denial.

exists and that it is entitled to judgment as a matter of law. *Bruce v. Department of Transportation*, 138 Pa.Commonwealth Ct. 187, 588 A.2d 974 (1991), *petition for allowance of appeal denied*, 533 Pa. 626, 620 A.2d 492 (1993).

■ Pursuant to Section 8521 of the Judicial Code (Code), 42 Pa.C.S. § 8521, Commonwealth parties are immune from suit except in those instances itemized in Section 8522 of the Code, 42 Pa.C.S. § 8522. The two exceptions implicated in this appeal are the vehicle liability exception, 42 Pa.C.S. § 8522(b)(1),[2] and the personal property exception, 42 Pa.C.S. § 8522(b)(3).[3] SEPTA argues that Simpkins' cause of action does not fall within either of these exceptions.

SEPTA argues that the case *sub judice* is indistinguishable from *Miller v. Erie Metropolitan Transit Authority*, 152 Pa.Commonwealth Ct. 64, 618 A.2d 1095 (1992). In *Miller*, a passenger slipped on the steps of a bus owned by the transit authority and fell into the street while exiting the bus. She filed a complaint against the transit authority alleging that her injuries were the result of the transit authority's negligent maintenance of the aisles and steps of the bus, which were worn as well as wet and slippery due to an accumulation of water from the rainfall earlier that day.

This Court concluded that Miller was neither injured by the actual movement of the bus or by a moving part of the bus when she slipped on the steps and fell into the street. "Because the definition of 'operation' does not include situations other than those where the injury is the result of the vehicle moving or a moving part of the vehicle, [the transit authority]

2. The vehicle liability exception provides that liability may be imposed on a Commonwealth party for injuries caused by "[t]he operation of any motor vehicle in the possession or control of a Commonwealth party."

3. The personal property exception provides that liability may be imposed on a Commonwealth party for damages caused by "[t]he care custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency...."

is exempt from liability because Miller has no cause of action against [the transit authority]." *Id.* at 69, 618 A.2d at 1097.

■ In the case before us, Simpkins does not allege that her injuries were caused by the movement of the vehicle or by the movement of any part of the vehicle. Thus, as in *Miller,* Simpkins' cause of action would not fall within the vehicle exception to sovereign immunity.[4]

Simpkins makes no argument that her cause of action falls within the vehicle exception. Rather, she argues that because the personal property of SEPTA, the bus, was involved in the chain of causation, the personal property exception applies. Simpkins argues that SEPTA does not cite any statutory authority or caselaw which would prevent her from asserting the personal property exception.

■ We have reviewed the cases decided under both the personal property exception to sovereign immunity and governmental immunity, 42 Pa.C.S. § 8542(b)(2), and have found no case which construes a motor vehicle to be the "personal property" of the governmental unit. On the other hand, numerous cases involving motor vehicles have been decided under the vehicle exception, both to sovereign immunity and governmental immunity, 42 Pa.C.S. § 8542(b)(1).[5]

4. In *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988), our Supreme Court interpreted the word "operate" to mean that a vehicle must actually be in motion for the vehicle exception to apply. A vehicle is not in "operation" for purposes of the vehicle exception merely because the engine of the vehicle is running or because the vehicle was not parked at the time of the injury.

5. In *First National Bank of Pa. v. Department of Transportation,* 148 Pa.Commonwealth Ct. 158, 609 A.2d 911 (1992), a motorist was injured and her passenger killed when their car collided with a Department of Transportation (DOT) vehicle which was parked on or near the right-hand berm of the road. DOT filed a motion for summary judgment contending that the allegations of the complaint failed to present cognizable claims with the motor vehicle exception or the real estate exception, 42 Pa.C.S. § 8522(b)(4). On appeal, this Court held that the DOT vehicle was not in operation for purposes of the motor vehicle exception. The Court further held that the real estate exception was not applicable because the vehicle was merely a condition on the roadway, not a dangerous condition of the highway.

■ Included in both vehicle exceptions is a definition of motor vehicle, "any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air." The bus involved in Simpkins' fall fits squarely within this definition. To conclude that a bus is not a motor vehicle but personal property is to ignore the plain language of the vehicle exception. Further, such an interpretation would render the vehicle exception a nullity and we may not presume that the Legislature intended any of its statutory language to be mere surplusage. *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977). And, we are also mindful that the exceptions to sovereign immunity must be narrowly interpreted given the expressed legislative intent to insulate the Commonwealth and its political subdivisions from tort liability. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989); *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

■ Moreover, even were we to conclude that Simpkins' cause of action falls within the personal property exception, she would not be able to prevail. Under the personal property exception, the property itself must be in some manner responsible for the injury. *Nicholson v. M & S Detective Agency*, 94 Pa.Commonwealth Ct. 521, 503 A.2d 1106 (1986). In her deposition, Simpkins testified that she slipped and fell on the top of a cup which had been on the step of the bus. Because the bus itself did not cause Simpkins' injuries, the personal property exception does not apply.

Because Simpkins could not prevail under either the vehicle exception or the personal property exception, we conclude that the trial court erred in denying SEPTA's motion for summary judgment. Therefore, we will reverse the trial court's order and remand the case for the entry of summary judgment in favor of SEPTA.

## *ORDER*

AND NOW, this 16th day of September, 1994, the order of the Court of Common Pleas of Philadelphia County in the

458

above-captioned matter is reversed and the case is remanded for further proceedings.

Jurisdiction relinquished.