**Sherry L. ROSS, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and General Electric, Inc. and Budd Company and Buckeye Steel Castings Company.**

Commonwealth Court of Pennsylvania.

Argued May 5, 1998.

Decided July 10, 1998.

Reargument Denied Sept. 1, 1998.

J. Craig Currie, Philadelphia, for appellant.

Joan A. Zubras, Philadelphia, for appellee, SEPTA.

Before FRIEDMAN and FLAHERTY, JJ., and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Sherry Ross (Ross) appeals from an order of the Philadelphia County Court of Common Pleas (trial court) granting the motion for nonsuit of the Southeastern Pennsylvania Transportation Authority (SEPTA) and denying Ross' post-trial motion to remove the nonsuit.[1] We affirm.

The parties stipulated to the following facts for purposes of the hearing on SEPTA's motion for nonsuit. (R.R. at 8a–9a.) On June 19, 1992, Ross was injured when she slipped and fell in a vestibule while attempting to board a SEPTA regional rail train. (R.R. at 7a–9a.) The vestibule was composed of diamond steel plate decking which had been in use for a number of years, and the vestibule decking was wet due to the fact that it had been raining on the day of Ross' injury. (R.R. at 9a.)

Ross filed a claim against SEPTA alleging that her injuries were the result of SEPTA's negligence,[2] and SEPTA filed an answer and new matter alleging that it was immune from suit.[3] SEPTA subsequently filed a motion for nonsuit on the basis of sovereign immunity and, at the conclusion of oral argument on SEPTA's motion for nonsuit, the following exchange took place between the trial court and Ross' counsel:

THE COURT: ...Based on that [sic] argument I've heard here this morning, I am, under the law as it presently stand [sic], compelled to grant [SEPTA's nonsuit] in the case based upon immunity....

And, accordingly, having granted the motion for no-suit [sic], I have now taken this case away from the jury, so-to-speak, and [Ross] having her day in court on that, and now we can reserve [sic] it for appeal.

And if you'd like, you can make your post-trial motions right now based upon your argument. I will deny your post-verdict motions so that the case goes up in the appropriate setting for appellate review....

[Ross' counsel]: I would like to do that, for all the reasons we argued today, move for post-verdict motions.

THE COURT: I'm going to deny your post-verdict motions. We'll prepare the opinion.... You can appeal as soon [as] you wish and we'll send it up with the opinion.

(R.R. at 19a–20a.) Ross now appeals from the grant of the nonsuit and the denial of Ross' post-trial motion to this court.[4] However, we must first determine whether we have jurisdiction to entertain the merits of this appeal.

■ SEPTA argues that, because Ross made an *oral* post-trial motion at the conclusion of the trial on SEPTA's motion for nonsuit, we must quash Ross' appeal for failure to comply with Pennsylvania Rule of Civil Procedure 227.1.[5] We disagree. Pa.

1. While the actual order appealed from only makes reference to the grant of SEPTA's motion for nonsuit and not Ross' oral post-trial motion to remove the nonsuit, the record reveals that, despite the wording of the order, the appeal is actually being taken from the denial of Ross' oral post-trial motion. (R.R. at 20a.)

2. Ross also sued General Electric, Inc., Budd Company and Buckeye Steel Castings Company, the manufacturers of the SEPTA rail car, on a products liability theory, but these defendants were dismissed prior to trial.

3. The affirmative defense of sovereign immunity is properly raised in new matter. Pa. R.C.P. No. 1030.

4. In a case involving only one defendant, at the close of a plaintiff's case on liability and before any evidence on behalf of the defendant has been introduced, the court, on oral motion of a party,

may enter a compulsory nonsuit if the plaintiff has failed to establish a right to relief. Pa. R.C.P. No. 230.1. A judgment of nonsuit is properly entered only if the factfinder, viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the plaintiff, could not reasonably conclude that the elements of a cause of action have been established. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983). If nonsuit is entered, the plaintiff may then file a written motion for the removal of the nonsuit. Pa. R.C.P. No. 230.1.

5. We are cognizant of the fact that, under section 3 of the Statutory Construction Act, 1 Pa.C.S. § 1921(a), we must interpret and construe statutes "to ascertain and effectuate the intention of the General Assembly" and that "[e]very statute shall be construed, if possible, to give effect to all its provisions."

R.C.P. No. 227.1 provides, in relevant part (emphasis added):

  (a) After trial and upon the *written* Motion for Post–Trial Relief filed by any party, the court may

  . . .

  (3) remove a nonsuit; or

  . . .

  (5) enter any other appropriate order.

  . . .

  (c) Post–Trial motions shall be filed within ten days after

  . . .

  (2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

■ In *McCormick v. Northeastern Bank of Pennsylvania,* 522 Pa. 251, 561 A.2d 328 (1989), our supreme court stated

  It has long been the law of this Commonwealth that an appeal does *not* lie from a decision of a trial court following the submission of a case on stipulated facts. The decision of the trial court under these circumstances is considered to be similar to a verdict in a jury trial from which the aggrieved party must file a motion for post-trial relief pursuant to [Pa. R.C.P. No. 227.1], in order to preserve disputed issues for appellate review. Those issues not raised in a motion for post-trial relief following a trial on an agreed stipulation of facts are deemed waived. *It is the order of the trial court disposing of a motion for post-trial relief that has been reduced to judgment which comprises the final order in the case from which an appeal must be filed within thirty days.*

**6.** Moreover, we note that, despite the form of Ross' post-trial motion, there was a court stenographer transcribing the proceedings and, thus, the motion has been preserved in writing.

**7.** Because of the circumstances here, we have treated Ross' oral post-trial motion as though it

*Id.* at 254, 561 A.2d at 330 (emphasis added) (citations and footnote omitted). The purpose of filing post-trial motions is to assure the efficient operation of the judicial process and to allow the trial court the "opportunity to rectify errors and obviate the delay and expense of appellate review." *Commonwealth v. Perry,* 279 Pa.Super. 32, 420 A.2d 729, 731 (1980); *see Ferber v. City of Philadelphia,* 661 A.2d 470 (Pa.Cmwlth.1995), *appeal denied,* 544 Pa. 615, 674 A.2d 1077 (1996). The interest of judicial integrity and economy are served when the court whose actions are challenged is afforded the chance to address the concerns of the losing party. Moreover, post-trial motions permit the losing party to provide the verdict winner with notice of the specific allegations of error to be preserved for appellate review.

Despite the fact that Ross made her post-trial motion orally, we believe that the purposes of post-trial motions have been met here, where SEPTA was present in the courtroom when Ross made her oral post-trial motion, SEPTA heard the allegations of error forming the basis of that motion and SEPTA did not object to the form of the post-trial motion at that time.[6] Further, Ross made her oral post-trial motion at the insistence of the trial judge in an effort to expedite the appeal process. To permit SEPTA to now object to this procedure would effectuate a gross miscarriage of justice; refusing to quash Ross' appeal would not prejudice SEPTA, unlike the harsh consequences to Ross if we were to deprive her of her day in court. Accordingly, we will exercise jurisdiction to hear the present appeal.[7]

Sovereign immunity is statutorily provided for by section 8521 of the Judicial Code (Code), 42 Pa.C.S.A. § 8521. There are only nine instances in which the Commonwealth has waived sovereign immunity as a bar to an action against Commonwealth parties, such as SEPTA;[8] these exceptions are stat-

were *written.* However, we caution counsel that such leniency may not always be afforded.

**8.** *See Toombs v. Manning,* 640 F.Supp. 938 (E.D.Pa.1986), *aff'd in part and rev'd in part,* 835 F.2d 453 (3rd Cir.1987) (designating SEPTA as a "Commonwealth party").

utorily provided for in section 8522 of the Code, 42 Pa.C.S.A. § 8522.[9] *See Southeastern Pennsylvania Transportation Authority v. Simpkins,* 167 Pa.Cmwlth. 451, 648 A.2d 591 (1994). Unless Ross' cause of action falls within one of the nine areas in which the Commonwealth has waived immunity, it is clear that sovereign immunity would bar this suit and that the nonsuit should be affirmed.

■ Ross argues that SEPTA negligently failed to maintain a safe environment on the vestibule of the rail car, thus permitting her cause of action to fall within the personal property exception to sovereign immunity set forth in section 8522(b)(3) of the Code, 42 Pa.C.S. § 8522(b)(3), which provides (emphasis added): [10]

> **(b) Acts which may impose liability.-** The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . .
>
> **(3) Care, custody or control of personal property.-***The care, custody or control of personal property in the possession or control of Commonwealth parties,* including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving

the use of nuclear and other radioactive equipment, devices and materials.

The trial court, relying on *Simpkins,* disagreed and determined that the SEPTA train on which Ross was riding was not personal property. However, Ross argues that the trial court should not have relied on *Simpkins* because that decision was erroneously decided and must be overruled and, rather, that a SEPTA train may be considered *both* personal property and a motor vehicle. We disagree with Ross' assertion.

In *Simpkins,* like Ross here, the plaintiff contended that SEPTA was not immune from suit because her cause of action fell within the personal property exception to immunity. We disagreed with the plaintiff's contention that a SEPTA bus could be considered personal property for purposes of sovereign immunity and stated:

> We have reviewed the cases decided under both the personal property exception to sovereign immunity and governmental immunity . . . and have found no case which construes a motor vehicle to be the "personal property" of the governmental unit. On the other hand, numerous cases involving motor vehicles have been decided under the vehicle exception, both to sovereign immunity and governmental immunity . . . .
>
> Included in both vehicle exceptions is a definition of motor vehicle, "any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air." The bus involved in [the plaintiff's] fall fits

**9.** In *Warnecki v. Southeastern Pennsylvania Transportation Authority,* 689 A.2d 1023 (Pa. Cmwlth.1997), we analyzed the doctrine of sovereign immunity, as applied to SEPTA, and stated:

> SEPTA, as [a] "Commonwealth party," enjoys immunity from suit under 42 Pa.C.S. § 8521. In order to maintain a cause of action against a Commonwealth party, the plaintiff must show that the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity. The next step is for the plaintiff to show that the cause of action falls within one of the specifically enumerated exceptions to sovereign immunity set forth by 42

Pa.C.S. § 8522(b). Because the General Assembly intended to exempt the Commonwealth from immunity only in specific, clearly defined situations, *the exceptions to the Act must be strictly construed* as to uphold legislative intent and to insulate the Commonwealth and its political subdivisions from tort liability.

*Warnecki,* 689 A.2d at 1025 (emphasis added) (citations and footnote omitted).

**10.** Ross concedes that the motor vehicle exception to immunity contained in section 8522(b)(1) of the Code, 42 Pa.C.S. § 8522(b)(1), is inapplicable here because Ross' injury was not caused by the movement of the train. *See City of Philadelphia v. Love,* 98 Pa.Cmwlth. 138, 509 A.2d 1388 (1986), *aff'd,* 518 Pa. 370, 543 A.2d 531 (1988).

squarely within this definition. *To conclude that a bus is not a motor vehicle but personal property is to ignore the plain language of the vehicle exception. Further, such an interpretation would render the vehicle exception a nullity* and we may not presume that the Legislature intended any of its statutory language to be mere surplusage. And, we are also mindful that the exceptions to sovereign immunity must be narrowly interpreted given the expressed legislative intent to insulate the Commonwealth and its political subdivisions from tort liability.

*Simpkins*, 648 A.2d at 594 (emphasis added) (footnote and citations omitted). Clearly, under *Simpkins*, we are unable to conclude that Ross' cause of action falls within the personal property exception to immunity.

Accordingly, we affirm the trial court's grant of the nonsuit.

## ORDER

AND NOW, this 10th day of July, 1998, the order of the Philadelphia County Court of Common Pleas, dated September 25, 1997, at No. 2159, is hereby affirmed.