Judith C. JOHNSON, Appellee,

v.

Anthony L. FRAZIER, Sr., Anthony
L. Frazier, Jr., Appellants.

Superior Court of Pennsylvania.

Argued May 30, 2001.
Filed Nov. 15, 2001.

John R. Brown, Philadelphia, for appellants.

Leonard P. Haberman, Philadelphia, for appellee.

BEFORE EAKIN, MUSMANNO, and TODD, JJ.

EAKIN, J.:

¶ 1 Anthony L. Frazier, Sr., and Anthony L. Frazier, Jr., appeal from the order granting a mistrial. We reverse, vacate the order for a second trial, and remand with instructions to reinstate the February 9, 2000 verdict.

¶ 2 Anthony L. Frazier, Jr., and Judith C. Johnson were involved in a car accident November 24, 1996. Johnson sued Frazier and his father. On February 9, 2000, after deliberating one hour, a jury found Frazier 60 percent liable for the accident and Johnson 40 percent liable; they assessed no damages. After the verdict was announced, the jury was polled; only six of eight jurors supported the verdict. The trial court reminded the jury a minimum of seven jurors must agree to a verdict and asked if further deliberations, that evening or the next morning, might produce a proper verdict. One dissenting juror responded affirmatively; the jury retired for approximately seven minutes, and returned with the same verdict, supported by seven jurors.

¶ 3 Johnson's attorney immediately requested a mistrial, judgment notwithstanding the verdict (JNOV), or in the alternative, additur, alleging the verdict was inconsistent with the evidence, and that the circumstances showed juror coercion. The trial court granted a mistrial, expressing concern over the speed with which the jury returned. The court felt seven minutes was insufficient for eight people to have a discussion, and believed there could not have been appropriate deliberation as two jurors were escorted to the phone during this time.

¶ 4 The Fraziers filed a post trial motion. Notwithstanding, a new trial was scheduled for two weeks later. The mo-

tion was denied without hearing February 24, 2000. The Fraziers filed a notice of appeal the same day. The Fraziers also filed a motion for emergency stay before the second trial, which was dismissed. A second trial was held February 24–25, 2000, but the Fraziers claimed lack of adequate notice precluded them from appearing and were not present. The second jury returned a $15,000 verdict for Johnson.

¶ 5 The Fraziers timely filed post trial motions arguing the second trial was a nullity because of the pendency of their appeal. Johnson's motion to quash the appeal was denied by this Court May 15, 2000, which also ordered that all proceedings in the trial court be stayed pending the appeal, in which the Fraziers raise the following issues:

1. Did the trial court grant an order for a new trial, as opposed to an order for a mistrial, which is immediately subject to appeal?

2. Did the trial court abuse its discretion when it granted a new trial after the jury had returned a legal and valid verdict in favor of [the Fraziers]?

3. Did the [trial] court [ ] err in conducting a second trial, on February 24 and 25, 2000, after the Notice of Appeal had already been filed?

Fraziers' Brief, at 3.

■ ¶ 6 Although characterized by the trial court as a mistrial, it is apparent the court awarded a new trial. We find no Pennsylvania authority finding it appropriate to declare a mistrial following the end of trial. As the Supreme Court of South Carolina has stated, "[a] mistrial is granted in a case in which the jury is discharged without a verdict; a motion for new trial is made after a judgment has been rendered. Granting a mistrial was inappropriate after

the jury returned its verdict." *Howell v. Davis*, 278 S.C. 510, 299 S.E.2d 336, 337 (1983) (citation omitted). Likewise, the Supreme Court of Arkansas has stated:

> There is a marked difference between a court's granting a motion for a new trial and declaring a mistrial; the former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted, while the latter re-sults where, before a trial is completed and judgment rendered, the trial court concludes that there is some error or irregularity that prevents a proper judg-ment being rendered in which event a mistrial may be declared.

*Midwest Lime Co. v. Independence Coun-ty Chancery Court*, 261 Ark. 695, 551 S.W.2d 537, 540 (1977) (citations omitted).

¶ 7 Counsel requested a mistrial after the verdict had been announced and re-corded. While the trial court granted what it termed a mistrial, it could not do so because the trial was already over. The effect of a declaration of a mistrial is to end the trial, and it is procedurally illogical to terminate a trial that has already ended. The order was, in actuality, one for a new trial because it followed the recording of the verdict, and we review it as such.

■ ¶ 8 An appeal may be taken as of right from an order granting a new trial. Pa.R.A.P. 311(a)(6). Our standard of re-view is well settled:

> We are aware of our deferential stan-dard when reviewing a trial court's deci-sion to grant or deny a new trial: the power to grant or deny a new trial lies inherently with the trial court, and we will not reverse its decision absent a clear abuse of discretion or error of law which controlled the outcome of the case.

*Tudor Ins. Co. v. Township of Stowe*, 697 A.2d 1010, 1012 (Pa.Super.1997) (citation omitted).

■ ¶ 9 The grant of relief was on oral motion of Johnson's counsel; while he asked for a mistrial, the relief sought was necessarily a new trial, as we have noted. A motion for new trial is different from a mistrial; it must be made in writing after the trial has ended. Pa.R.C.P. 227.1. Pursuant to Pa.R.C.P. 227.1(a) and 227.1(a)(1), "After trial and upon the *writ-ten* Motion for Post–Trial Relief filed by any party, the court may ... order a new trial as to all or any of the issues." (empha-sis added). A written motion would have allowed the court time to consider the true ramifications of the second deliberation's brevity. It also would allow opposing counsel time to respond to the motion and its concerns. The violation of the Rule was reversible error in this case.

¶ 10 We acknowledge *Ross v. SEPTA*, 714 A.2d 1131 (Pa.Cmwlth.1998), where an oral post trial motion for new trial made during argument in a stipulated fact bench trial was deemed sufficient to preserve review. *Id.*, at 1133. The Commonwealth Court allowed the oral motion to expedite the appeal process; because it was tran-scribed by a stenographer, it was deemed sufficiently "in writing" to allow review. *Id.* The Court cautioned counsel such le-niency may not always be afforded. *Id.* The *Ross* situation was quite fact-specific, and should not be interpreted to allow the gratuitous negating of the clear require-ments of Rule 227.1. Such an interpreta-tion would deny the winning party the opportunity for response, and would defeat the chance of reasoned deliberation by the court itself. As we are not bound by Commonwealth Court decisions, *Penn–Delco School District v. Bell Atlantic–PA, Inc.*, 745 A.2d 14, 18 (Pa.Super.1999), we

do not adopt such an interpretation. Motions for new trial must be in writing.

¶ 11 Even were the oral motion properly considered, we see no basis for upsetting the verdict because of the length of deliberations here. While the trial court's concerns were legitimate, this was not a total of seven minutes, but seven additional minutes. As one dissenting juror told the court further deliberations would be fruitful, it is hardly surprising that they were fruitful in short order. Given the hour of prior deliberation and the manifest expression that further deliberation would help, we cannot say seven more minutes is so insufficient as to warrant a new trial. Seven minutes can be more than enough time to change one's mind. We are struck by the fact the decision to abort the verdict, based on the brevity of the deliberations was itself made after an even briefer deliberation by the court.

¶ 12 Even if affected by the hour of the day, "[t]he motive, if not corrupt, which induces jurors to acquiesce in a verdict is immaterial." *Havranek v. Pittsburgh*, 344 Pa. 375, 25 A.2d 703, 705 (1942). Only in clear cases of improper conduct by jurors, evidenced by competent testimony, should a verdict that is supported by the evidence be set aside and a new trial granted. *Pittsburgh National Bank v. Mutual Life Insurance Company of New York*, 273 Pa.Super. 592, 417 A.2d 1206, 1209 (1980), affirmed, 493 Pa. 96, 425 A.2d 383 (1981). There is no evidence to indicate that any of the jurors engaged in improper conduct or that the dissenting juror who joined in the verdict had a "corrupt motive."

¶ 13 Further, appellants filed a proper appeal of the denial of their post trial motion, divesting the trial court of authority to proceed to a second trial.

Like an instant replay challenge in professional football, the appeal was made before the next play began; the challenge must be resolved before another play may be validly run. "After further review," we find the call on the field must be reversed. The improper award of a new trial renders that trial a nullity.

¶ 14 Because we find the trial court improperly granted Johnson a new trial, we must vacate the order granting a second trial and declare that trial a nullity. We remand with instructions to reinstate the February 9, 2000 jury verdict. As the improvident grant of Johnson's motion preempted the normal post trial procedures, the parties will have ten days from reinstatement to file post trial motions.

¶ 15 Order reversed; remanded with instructions. Jurisdiction relinquished.