Township of Cranberry          :
                                          :

        v.                              :
                                          :

Randy J. Spencer,           :    Nos. 568, 569 & 570 C.D. 2022
               Appellant     :    Submitted: April 28, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: August 30, 2023

        In these consolidated cases, Randy J. Spencer (Spencer) appeals from orders of the Court of Common Pleas of Venango County (trial court) dated May 10, 2022, denying Spencer's post-trial motions following the trial court's imposition of the maximum statutorily authorized fines against Spencer for his longstanding violations of ordinances of the Township of Cranberry (Township). Upon review, we affirm the trial court's orders.

## I. Background

        Spencer owns several parcels of real property in the Township on which he stores a large number of junk vehicles. *See* Reproduced Record (RR) at 139a[1] (2016 bid proposal for removal of "117 cars, 11 box trailers ["(some with brakes

---

[1] The reproduced record page numbers are followed by a capital "A." We use a small "a" here as directed by Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173.

frozen up & flat tires)"], 7 motorhomes, [and] 8 travel trailers . . .").[2] The Township has been trying for over a quarter century to induce Spencer to remove the junk vehicles. *See, e.g.*, *id.* at 135a (2016 letter from Spencer to the Township acknowledging the Township's expenditure of "large amounts of funds for legal fees, costs and expenses over the past 20 years" and asserting that "Spencer has likewise expended large amounts of funds for legal fees . . ."). Spencer paid a fine for violations in 2007. *See id.* at 143a-44a (2018 letter from Spencer to the Township proposing a resolution that would include reimbursement by the Township for the 2007 fine). However, the junk vehicles remained on the properties thereafter.

In 2019, the Township's zoning officer issued citations to Spencer for zoning violations in operating junkyards on six properties. *Twp. of Cranberry v. Spencer*, 249 A.3d 9, 11 (Pa. Cmwlth. 2021) (*Spencer I*). The citation notices informed Spencer that he must remove the junk vehicles or appeal the citations within 30 days. *Id.* at 12. Spencer did neither. *Id.*

Thereafter, the Township filed separate civil enforcement complaints regarding the six properties with a magisterial district judge (MDJ), who imposed fines and costs of $609.25 for each property. *Spencer I*, 249 A.3d at 12. Spencer appealed the MDJ's judgments to the trial court, where the Township filed *de novo*

---

[2] In *Township of Cranberry v. Spencer*, 249 A.3d 9 (Pa. Cmwlth. 2021) (*Spencer I*), Spencer testified that he tried to "work with the Township" to resolve his zoning violations in 2016. *Id.* at 13. That effort consisted of a proposal to the Township in which Spencer offered to move the junk vehicles if the Township would pay relocation costs estimated at over $100,000, issue him two junkyard licenses for the proposed relocation sites, provide all necessary zoning and code approvals "automatically granted without the necessity of application," allow him 12 months to complete the relocation, and reimburse him for his legal costs and previous fines. RR at 134a-40a. Spencer also submitted a proposal in 2018 in which he again demanded reimbursement of a fine he paid in 2007, along with two junkyard licenses, 180 days to move the junk vehicles from specified properties, and an indefinite time thereafter to move the junk vehicles from the remaining properties, subject also to delays based on future weather events and any potential health problems he might suffer. *Id.* at 143a-44a.

complaints requesting fines of $500 per day for ongoing violations, totaling $21,200 at that point, plus costs and legal fees. *Id.* After a joint evidentiary hearing, the trial court concluded that Spencer was improperly using each of the six properties as a junkyard; however, the trial court treated certain contiguous tracts as single properties and thereby reduced the amounts of some of the fines imposed by the MDJ. *Id.* at 12-14. The trial court filed its order under each of the six case dockets. *Id.* at 14.

Notwithstanding the trial court's separate entry of judgment on each docket, Spencer filed a single notice of appeal listing all six trial court docket numbers, with a checkmark next to one of them. *Spencer I*, 249 A.3d at 15. This Court quashed the appeal as to the other five cases. *Id.* at 18. We cited the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure, which requires "separate notices of appeal" where one or more orders are entered resolving issues on more than one docket. Pa.R.A.P. 341, Official Note.[3] We also relied on our

---

[3] The Official Note to Rule 341 provides, in its entirety:

> A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order, *see K.H. v. J.R.*, 826 A.2d 863, 870-71 (Pa. 2003) (following trial); *Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012) (summary judgment). Where, however, one or more orders resolves [sic] issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. *Malanchuk v. Tsimura*, 137 A.3d 1283, 1288 (Pa. 2016) ("[C]omplete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments[.]"); *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note (italics added).

3

Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), in which the Court held that in future cases, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Spencer I*, 249 A.3d at 17 (quoting *Walker*, 185 A.3d at 977) (additional quotation marks omitted). As we observed in *Spencer I*, the rule announced in *Walker* is a "bright-line mandatory instruction to practitioners to file separate notices of appeal." *Spencer I*, 249 A.3d at 17 (quoting *Walker*, 185 A.3d at 976-77) (additional quotation marks omitted).

As for the sixth notice of appeal in *Spencer I*, this Court found that the single notice of appeal included an attachment that identified the appeal as relating to a specific docket concerning the tract designated as the Deep Hollow Property. 249 A.3d at 18. Therefore, while we were constrained to quash the other five appeals, we concluded that the appeal concerning the Deep Hollow Property had been properly preserved. *Id.* at 18-19.

On the merits, Spencer argued, in pertinent part, that the trial court erred in the amount of the fine it imposed, in the absence of evidence concerning the zoning violations. This Court rejected that argument, concluding that once the Township offered evidence of Spencer's failure to appeal the zoning officer's determination, "the trial court possessed discretion to determine the fines." *Spencer I*, 249 A.3d at 20. Observing that "Spencer has not cooperated with the Township" in resolving the violation and that the trial court had reduced the amount of the fine imposed by the MDJ, we found no abuse of discretion in the trial court's determination of the amount of the fine. *Id.* This Court ultimately affirmed the trial court's order regarding the Deep Hollow Property. *Id.* at 23.

4

Despite the finality of this Court's decision in *Spencer I*, Spencer persisted in failing or refusing to remove the junk vehicles from the properties at issue. Accordingly, in July 2021, the Township filed three new civil enforcement actions[4] with the MDJ seeking to collect additional fines for the period after our *Spencer I* decision. Following a hearing in September 2021, the MDJ entered a judgment in the jurisdictional maximum of $12,000 plus costs, a total of $12,331.25, in each of the three cases. *See* 42 Pa.C.S. § 1515(a)(3) (conferring jurisdiction on MDJs over civil actions where the maximum amount sought is $12,000 exclusive of interest and costs).

The violations themselves had been finally adjudicated in *Spencer I*, and Spencer still had not removed the junk vehicles. Thus, he had no substantive defense against the Township's enforcement complaints. Nonetheless, Spencer chose to appeal the MDJ's judgments to the trial court,[5] thereby exposing himself to a potential maximum judgment of $500 per day, plus costs and legal fees, for each property, as statutorily authorized by Section 617.2(a) of the Pennsylvania Municipalities Planning Code (MPC),[6] an amount far in excess of the MDJ's maximum jurisdiction. *See* 53 P.S. § 10617.2(a). After a *de novo* trial, the trial court imposed the maximum fine, which by that time had reached $92,500 in each of the

---

[4] Presumably, the Township filed three complaints rather than five in recognition of the trial court's decision in *Spencer I* treating some contiguous tracts as single properties for purposes of calculating fines.

[5] Spencer also claims to have tried, unsuccessfully, to settle with the Township. As the Township had already obtained a final judgment against him in *Spencer I* such that he had no substantive defense to the zoning violations, it is unclear what inducement Spencer could have offered the Township that would have made any settlement attractive.

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202. Section 617.2 of the MPC was added by the Act of December 21, 1988, P.L. 1329.

three complaints, for a total of $277,500. The trial court also imposed ongoing daily fines in the maximum amount of $500 in each case.

Spencer filed motions for post-trial relief. The trial court modified its decision to eliminate the ongoing daily fines, but otherwise denied the post-trial motions. These consolidated appeals followed.

## II. Issues

In its order dated October 18, 2022, consolidating Spencer's appeals, this Court also questioned the propriety of filing a post-trial motion in a summary appeal, citing Rule 720(D) of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 720(D), and observing that Spencer's appeal might be untimely. We directed the parties to address that issue in their briefs, along with the merits of the appeal. In response to this Court's directive to address the timeliness of his appeal, Spencer argues that, notwithstanding the trial court's inaccurate reference to this case as a summary appeal, the Rules of Criminal Procedure are inapplicable here because this is purely a civil proceeding. Hence, Spencer maintains that his appeal within 30 days after the trial court's order denying his post-trial motions was timely. The Township took no position on this issue.

On the merits, Spencer argues that the trial court abused its discretion,[7] in that the trial judge showed ill will, bias, and hostility (designated collectively as bias hereafter) toward him in various ways, including imposing the maximum

---

[7] "In an appeal from a trial court's decision in a zoning enforcement proceeding, our review is limited to determining whether the trial court committed an abuse of discretion or error of law." *Spencer I*, 249 A.3d at 19 n.12 (quoting *Loganville Borough v. Godfrey*, 58 A.3d 1149, 1151 n.2 (Pa. Cmwlth. 2012) (additional quotation marks omitted)).

6

statutory fine and not considering Spencer's alleged efforts to mitigate his zoning violations.[8]

## III. Discussion

## A. Timeliness of Spencer's Appeal

As described above, Spencer asserts that this case is a purely civil enforcement proceeding, not an appeal of a summary criminal fine. Accordingly, he contends that the post-trial proceedings are governed by civil rules, including the requirement for a post-trial motion and the determination of the applicable appeal deadline. We agree.

Section 617.2(a) of the MPC provides, in pertinent part, that "[a]ny person . . . who . . . has violated . . . the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor *in a civil enforcement proceeding* commenced by a municipality, pay a judgment of not more than $500[9] plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof." *Borough of Bradford Woods v. Platts*, 799 A.2d 984, 989 n.7 (Pa. Cmwlth. 2002) (quoting 53 P.S. § 10617.2(a)) (additional quotation marks omitted). The record indicates that this is an appeal in a civil enforcement matter and that the fines at issue were imposed under the authority of Section 617.2(a) of the MPC.

---

[8] In his reply brief, Spencer also asserts that "[t]he trial court abused its discretion by imposing the maximum fine in the absence of harm to the Township." Spencer's Reply Br. at 1. However, it is well settled that an issue raised for the first time in an appellant's reply brief is waived. *Commonwealth v. Walter*, 119 A.3d 255, 264 n.7 (Pa. 2015), *cert. denied sub nom. Walter v. Pennsylvania*, 577 U.S. 1119 (2016); *Commonwealth v. Fahy*, 737 A.2d 214, 218 n.8 (Pa. 1999). Accordingly, we will not consider that argument.

[9] There is no dispute that the fine is imposed per violation and that each day the violation continues is a separate violation. *See* 53 P.S. § 10617.2(a).

Pursuant to Rule 1007(A) of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges, Spencer's *de novo* appeal to the trial court from the MDJ's judgment was governed by the Pennsylvania Rules of Civil Procedure. *See* Pa.R.Civ.P.M.D.J. 1007(A).[10] Under Rule 227.1(b) of the Pennsylvania Rules of Civil Procedure, a post-trial motion must be filed to preserve an issue for appeal. Pa.R.Civ.P. 227.1(b). Thereafter, under Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, an appeal is timely if the notice of appeal is filed within 30 days after the trial court rules on the post-trial motion. Pa.R.A.P. 903(a); *see also Ross v. Se. Pa. Transp. Auth.*, 714 A.2d 1131, 1133 (Pa. Cmwlth. 1998) (explaining that "[i]t is the order of the trial court disposing of a motion for post-trial relief that has been reduced to judgment which comprises the final order in the case from which an appeal must be filed within [30] days") (italics omitted).

There is no dispute that Spencer filed his notice of appeal within 30 days after the trial court's disposition of his post-trial motion. Accordingly, we agree that his appeal is timely.

**B. Spencer's Allegations of Bias**

As Spencer correctly observes, "[a]n abuse of discretion is not merely an error of judgment but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of *bias, prejudice, ill-will or partiality*, as shown by the evidence of record." Spencer's Br. at 25-26 (quoting *Commonwealth v. Carter*, 861 A2.d 957 (Pa. Super. 2004) (*en banc*))

___

[10] Rule 1007(A) provides, in full: "The proceeding on appeal shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas." Pa.R.Civ.P.M.D.J. 1007(A).

(emphasis added) (additional quotation marks omitted). Spencer argues that the trial court's decision should be overturned for abuse of discretion because the trial judge based his decision solely on a bias against Spencer. We disagree.

Spencer first alleges that the trial judge exhibited bias against him by scheduling the trial with too little notice and while the pleadings were open, then granting the Township's continuance request, and then falsely stating, in response to Spencer's statement of errors complained of on appeal, that the trial date "was set months in advance and the parties knew and understood the scheduling." Spencer's Br. at 23.

Our review of the trial court's docket reveals that Spencer filed an answer to the Township's complaint on December 13, 2021. RR at 3a. On January 10, 2022, the trial court issued an order scheduling a "hearing" on February 2, 2022. *Id.* On January 13, the Township filed an answer to Spencer's new matter. *Id.* On February 1, 2022, the trial court issued an order rescheduling the "hearing" for March 1, 2022. *Id.* On February 22, 2022, the Township filed a motion for a continuance, which the trial court granted on the same day, rescheduling the "hearing" for March 29, 2022. *Id.* On March 3, after a motion to reschedule was filed on March 2, 2022,[11] the trial court issued an order moving the "hearing" up to March 14, 2022, on which date the trial was apparently held. *See id.*

Noticeably absent from the docket, and from Spencer's argument, is any indication that he filed a motion seeking a continuance at any time. *See* RR at 3a. Having failed to file any written request to extend the trial date, Spencer is in no position to complain after the fact that the trial court's timetable was too short. Moreover, he has neither averred nor demonstrated any prejudice arising from the

---

[11] The docket does not identify the filer of the motion to reschedule. *See* RR at 3a.

9

trial court's scheduling of the trial. The most he alleges in his brief is that the trial court refused to continue oral argument on his post-trial motions so that he could wait for the outcome of his application for a junkyard permit. That assertion is discussed below, but it has no relevance to any order scheduling the trial.

Next, Spencer suggests that the fine was excessive as a result of the trial judge's bias. Spencer claims that the trial judge demonstrated that bias by ignoring Spencer's mitigating evidence of his efforts to correct his zoning violations and rejecting his evidence of such efforts as not credible, without sufficient basis. He alleges that he removed the junk vehicles from one property. He claims that the Township offered insufficient evidence that his ongoing zoning violations were intentional, and he implies that the trial judge was biased in crediting such evidence because the Township based its argument solely on the imposition of a previous fine in *Spencer I*. According to Spencer, "[t]hat citation involved six tax parcels of land, including the Deep Hollow Road property . . . . The Deep Hollow Road property, it is not disputed, has been fully remediated. How the Township can argue that the Defendant has not undertaken remedial efforts is difficult to understand." Spencer's Br. at 24. The fatal flaw in this argument is evident on its face: the previous citation related to six properties, and even crediting Spencer's assertion,[12] he subsequently remediated only one of them.

Notably, in *Spencer I*, we upheld the amount of the MDJ's fine based in part on our observation that "Spencer ha[d] not cooperated with the Township" in resolving his zoning violation. 249 A.3d at 20. Spencer continued to violate the

---

[12] The Township disputes Spencer's averment and maintains that the property referenced by Spencer was the subject of this Court's decision in a separate action, *Twp. of Cranberry v. Spencer* (Pa. Cmwlth., No. 201 C.D. 2020, filed March 24, 2021) (*Spencer II*). Thus, the Township contends that Spencer's removal of the vehicles from that property had no connection to the separate zoning violations at issue here, which related to different properties.

10

zoning ordinance thereafter. The trial court did not abuse its discretion in finding that Spencer's removal of junk vehicles from only one property did not constitute a mitigating effort at compliance with the zoning ordinance. Spencer's ongoing violations on the other five properties, which continued even after this Court's affirmance of the 2019 citations in *Spencer I*, weighed against a finding that Spencer made a good faith effort to mitigate the violations.

Spencer similarly charges that the trial judge displayed bias by ignoring Spencer's evidence of his offers to remedy his zoning violations. This argument is likewise unavailing. As noted above, the record documents two written offers of compliance by Spencer. In both, he demanded unreasonable concessions by the Township. In 2016, Spencer offered to move the junk vehicles only if the Township would pay relocation costs estimated at over $100,000, issue him two junkyard licenses for the proposed relocation sites, provide all necessary zoning and code approvals "automatically granted without the necessity of application," allow him 12 months to complete the relocation, and reimburse him for his legal costs and previous fines. RR at 134a-40a. In 2018, he dropped his demand for relocation costs but again demanded reimbursement of the fine he paid in 2007, and again demanded the issuance of two junkyard licenses; he also demanded that the Township give him 180 days to move the junk vehicles from specified properties and an indefinite time thereafter to move the junk vehicles from the remaining properties, subject, moreover, to indefinite delays based on possible weather events and any potential health problems he might suffer – in other words, no firm deadline for compliance. *Id.* at 143a-44a. The Township could not reasonably have been expected to accept such conditions. The trial court's rejection of this evidence as insufficient to prove mitigation efforts did not constitute a display of bias.

11

Spencer also alleges bias because the trial judge excluded evidence concerning Spencer's then-pending application for a junkyard permit on the basis that no permit had been issued and there was no evidence that it was likely to be issued. We see no abuse of discretion in the trial court's rejection of such evidence, which was speculative. *Accord Shao Bao Guan v. Phila. Zoning Bd. of Adjustment (Appeal of Ford)* (Pa. Cmwlth., No. 1546 C.D. 2014, filed June 17, 2015),[13] slip op. at 12 (concluding that the zoning hearing board abused its discretion by denying a special exception, where the opponents' testimony about future adverse results was speculative and not supported by any evidence); *Evers v. Clarks Summit Borough/Borough Council* (Pa. Cmwlth., No. 871 C.D. 2010, filed Sept. 22, 2011), slip op. at 21-22 (concluding that the common pleas court did not abuse its discretion by rejecting evidence opposing a conditional use, where the testimony at issue asserted speculative potential future events "without any evidentiary support that such an event had any reasonable likelihood of occurring").

In short, Spencer spent a quarter century resisting the Township's zoning enforcement efforts – much of that time after having already been cited and fined. We cannot say the trial court abused its discretion or demonstrated bias by finding that Spencer's token eleventh hour compliance efforts and empty offers of cooperation lacked credibility as evidence of mitigation.

Spencer further asserts that the trial judge displayed bias by refusing to delay argument on his post-trial motions pending the outcome of his application for a conditional use permit for a junkyard. Spencer maintains that obtaining a conditional use permit would have corroborated his testimony that he intended to

---

[13] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

remedy the zoning violations. However, Spencer did not present the trial court with any evidence that he was likely to receive such a permit. Moreover, there is no record evidence that he ever succeeded in obtaining a conditional use permit.[14] Spencer cites no authority, and this Court is aware of none, to support the proposition that a court commits reversible error by refusing, as speculative, evidence of an uncertain future event.

Spencer also argues that the trial court showed bias by imposing an illegal interest rate on the judgment against him in the form of ongoing daily fines, which it subsequently vacated. According to Spencer, the improper interest rate indicated an "abuse of discretion infecting this proceeding" that was not cured by vacating the ongoing fines. Spencer's Br. at 22. However, Spencer does not allege that he ever paid any of the improperly imposed fines, which were vacated by the trial court in ruling on Spencer's post-trial motions. We fail to discern any prejudice to Spencer from an error in an order that was vacated. Moreover, as we have found no other display of bias by the trial court, we cannot conclude that this one error, which the trial court promptly corrected, constitutes such an abuse of discretion as to show bias infecting the entire proceeding.

Finally, Spencer further insists that the trial judge had no factual basis for positing that Spencer could afford to pay the maximum fine by selling or

---

[14] Spencer asserts in a footnote in his brief that the Township has since issued him a "permit." Spencer's Br. at 28 n.9. He does not state whether the alleged permit was a conditional use permit or some other kind of permit, such as a business permit, to operate a junkyard. *See id.* More importantly, Spencer fails to point to anywhere in the record where supporting evidence for this assertion can be found. A bare averment of fact in a brief is not record evidence. *See Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018) (stating that "mere allegations are no substitute for record evidence . . ." and, therefore, "this Court cannot consider the averments of fact in [a party's] brief . . .").

mortgaging some property,[15] and therefore, imposition of the maximum fine "amounted to a judicial curb stomping of [Spencer] and was not motivated by a desire for justice or undertaken in an effort to improve the lives of [] Township residents, but simply to vindicate his dislike of [Spencer]." Spencer's Br. at 24. However, Spencer has failed to preserve this argument for appeal.

In order to preserve an issue for appeal, it must be raised at every stage of the proceedings. *See Commonwealth v. Barnes*, 151 A.3d 121, 124 (Pa. 2016) (stating that "an appellant waives any claim that is not properly raised in the first instance before the trial court and preserved at every stage of his appeal"). Spencer asserted in his post-trial motions that the trial court erred by failing to consider whether he could pay the maximum fine; however, he did not claim that failure resulted from bias. *See* RR at 93a-95a. In submitting a statement of issues for appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Statement), Spencer did not renew his assertion of error in the trial court's failure to consider his ability to pay the maximum fine; what is more, he again neglected to assert bias as the cause of that failure. *See id.* at 146a. The Statement, in its entirety, set forth the following issues for appeal:

> 1. Whether the [trial court] abused its discretion in imposing the maximum possible penalty and attempting to impose post-judgment interest at the rate of 197% (which was later withdrawn) in light of [Spencer's] comtinued [sic] attempts to resolve the issue with the Township that led to the ligitation [sic].

---

[15] We note, however, that in a separate action relating to a property not at issue in this case, Spencer insisted the vehicles parked on that property were not "junk" vehicles, but rather, were worth "over six figures." *Spencer II*, slip op. at 6.

2. Whether the Court abused its discretion in refusing to consider evidence of [Spencer] clearing another property of vehicles.

3. Whether the Court abused its discretion in failing to consider [Spencer's] application for a zoning permit.

*Id.*

Although the Statement did not have to be detailed, it had to be sufficiently specific to provide notice to the trial court of all issues fairly subsumed within it. Rule 1925(b)(4)(i)-(ii) and (v)-(vii) provides, in pertinent part:

> (4) Requirements; waiver.
>
> (i) The Statement shall set forth only those errors that the appellant intends to assert.
>
> (ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the [trial] judge. The [trial] judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.
>
> . . . .
>
> (v) Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court . . . .
>
> (vi) If the appellant in a civil case cannot readily discern the basis for the [trial] judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(i)-(ii) & (v)-(vii).

Spencer did not preface his Statement with any assertion that he could not readily discern the basis for the trial judge's decision, so that was not a justification for his identification of the errors in only general terms. *See* Pa.R.A.P. 1925(b)(4)(vi). We cannot determine from the bare and general averments in the Statement that Spencer was identifying as an issue that the trial court's imposition of the maximum statutory fine without considering Spencer's ability to pay was the result of bias. Further, Spencer had not raised the bias issue previously in the trial court,[16] so bias could not be deemed an included subsidiary issue under Rule 1925(b)(4)(v). Therefore, we conclude that the Statement failed to identify alleged bias with sufficient detail to identify it as an issue for the trial judge as required by Rule 1925(b)(4)(ii).

The purpose of requiring inclusion of all issues in the Statement is to allow the trial court an opportunity to address the issues in an opinion so that this Court has a basis for meaningful review on appeal; as such, it is a "crucial component of the appellate process." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by statute on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009). Similarly, "[o]ne of the main purposes of the waiver doctrine is to ensure that the appellate court is provided with the benefit of the trial court's reasoning." *Commonwealth v. Metz*, 633 A.2d 125, 127 n.3 (Pa. 1993). Spencer's insufficient Statement deprived the trial court of the opportunity to address the issue of bias in its failure to consider Spencer's ability to pay the maximum fine; in doing so, Spencer likewise deprived this Court of the benefit of

---

[16] In that regard, we note that "[t]he purpose of [Rule] 1925(b) is not to give appellants one last opportunity to raise issues they failed to raise previously before the trial court. This rule simply allows the trial court to seek a clarification as to which of the issues already raised will be pursued upon appeal." *Rutledge v. Dep't of Transp.*, 508 A.2d 1306, 1307-08 (Pa. Cmwlth. 1986).

16

the trial court's reasoning, and thus, of a basis for meaningful review of the issue.[17] Accordingly, we conclude that Spencer waived this issue.

### IV. Conclusion

Spencer's entire abuse of discretion argument consists of an impassioned, hyperbolic criticism of the trial judge's alleged bias, even accusing the trial judge of "curb stomping" him. Spencer's Br. at 24. Spencer maintains that his "claims of bias, prejudice, ill-will or partiality . . . appear on a dispassionate review of the record." *Id.* at 26. However, this Court's dispassionate review of the record has revealed no such bias, prejudice, ill-will, or partiality on the part of the trial judge. Accordingly, we find no abuse of discretion. The orders of the trial court are affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[17] In this Court's view, Spencer likewise did not identify bias sufficiently for the trial court with regard to any of the other issues on appeal. Although all issues on appeal were arguably waived as a result, we considered the other issues because the record was nonetheless sufficient to allow us to provide meaningful review of those issues. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (declining to find waiver despite an unspecific statement pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure where the issues presented on appeal were "relatively straightforward" and the common pleas court had provided sufficient analysis to allow meaningful review on appeal).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Township of Cranberry           :
                                       :
         v.                      :
                                       :
Randy J. Spencer,            :     Nos. 568, 569 & 570 C.D. 2022
            Appellant      :

O R D E R

AND NOW, this 30th day of August, 2023, the orders of the Court of Common Pleas of Venango County dated May 10, 2022 are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge