Michaels Development Company, Inc. et al. *v.* Benzinger Township Board of Supervisors. Robert J. Makufka et al., Appellants.

Argued June 4, 1979, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*David A. Whitney,* with him *Cartwright, Fernan & Whitney,* for appellants, Concerned Citizens of Benzinger Township.

*Thomas G. Wagner,* for appellee, Benzinger Township Board of Supervisors.

*Victor R. Delle Donne,* with him *Baskin & Sears,* for appellees, Michaels Development Company, Inc., and Michael J. Levitt.

OPINION BY JUDGE MACPHAIL, April 1, 1980:

The Benzinger Township Board of Supervisors (Board) and Robert J. Makufka and other concerned citizens of Benzinger Township (Intervenors) appeal from an order of the Court of Common Pleas of Elk County, which vacated a decision of the Board.[1] After taking additional testimony, the trial court granted tentative approval with conditions attached to the application of Michaels Development Company, Inc. (Developer) for a planned residential development (PRD), pursuant to Article VII of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10701 *et seq.*

The Board and Intervenors argue that the trial court abused its discretion in granting the tentative approval because it failed to consider substantial evi-

---

[1] When this case first came to us for review, we remanded for the filing of an opinion and findings of fact by the trial court. *Michaels Development Co. v. Benzinger Township Board of Supervisors,* 46 Pa. Commonwealth Ct. 337, 407 A.2d 895 (1979).

dence that the Developer's proposed PRD was not in the public interest. Although the Board and Intervenors agree that the Developer's plans have met all of the requirements of the Benzinger Township Planned Residential Development Ordinance (Ordinance), they state that Section 709(b) of the MPC, 53 P.S. §10709(b), additionally requires the Board to "set forth with particularity in what respects the development plan would or would not be in the public interest" including, but not limited to, six specific areas of inquiry. The Board found that the Developer's plan fell short of meeting public interest criteria in several respects:

(1) the proposed development is inconsistent with the township's comprehensive plan;

(2) the requirements for common open space have not been met;

(3) there have been departures from township zoning regulations which are not in the public interest;

(4) aggravation of an existing sewage problem in the neighborhood would create an adverse relationship between the proposed development and the neighborhood; and

(5) the problems created by the development clearly outweigh any alleged need for it.

The Board and Intervenors disagree with the Developer's major contention that since his application for tentative approval for construction of a 101 unit PRD meets all articulated requirements of the applicable Ordinance, the application demands tentative approval with no further inquiry into public interest. Even if compliance with all requirements of the Ordinance does not mandate tentative approval, the Developer argues that the public interest objections made by the Board and Intervenors lack a genuine basis in law or fact, and thus offer no support to denial of the PRD application.

Therefore, the issue before us is: under the MPC does compliance with all articulated requirements of a planned residential development ordinance mandate tentative approval of a PRD application and, if it does not mandate tentative approval, do the public interest objections in the particular case before us form a sufficient basis for denial of the application?

Our scope of review where the trial court takes additional evidence is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Porter Appeal*, 28 Pa. Commonwealth Ct. 415, 368 A.2d 828 (1977).

First, we hold that the trial court erred in concluding that a PRD application that is in compliance with all articulated requirements of the applicable Ordinance automatically gains tentative approval. The lower court and Developer cited our decision in *Doran Investments v. Muhlenberg Township Board of Commissioners*, 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973), as supportive of the above erroneous conclusion. In *Doran*, we found nothing to justify the Muhlenberg Township Board's refusal of tentative approval of a PRD application, which fully conformed to the Ordinance standards (as did the application in the instant case). The court in *Doran* rejected the board's public interest reasons for denial of approval as being vague generalities, and it held that "*this* governing body in denying tentative approval to *this* conforming Article VII plan abused the discretion allowed it by the statutes." (Emphasis in original.) *Doran, supra,* 10 Pa. Commonwealth Ct. at 159, 309 A.2d at 459. However, the court limited its holding in *Doran* to the conforming plan in *that* particular case, by this qualifying language,

> [w]e do not decide that in no case may a conforming plan be denied tentative approval; for it is possible that the circumstances of a par-

ticular matter might be so exceptional as to support the conclusion that the plan in one or more respects, stated 'with particularity,' would not be in the public interest.

*Doran, supra,* 10 Pa. Commonwealth Ct. at 159-60, 309 A.2d at 459.

Therefore, in the case before us, public interest objections must be stated with particularity and must be individually addressed by the reviewing court and may form the basis of a denial even though the PRD application fully complies with all requirements of the Ordinance, *but only* if the objections are of a very specific and exceptional nature and have legitimate basis in law and fact.

That conclusion leads us to examine whether one or more of the Appellants' enumerated public interest objections to the grant of tentative approval were exceptional and specific in nature and formed a sufficient basis for denial of tentative approval of the Developer's PRD application.

### Inconsistency with Comprehensive Plan

We affirm our previous holding in *Doran, supra,* that inconsistency between the application and the comprehensive plan, standing alone, is not a sufficient basis for the denial of tentative approval. In *Doran,* this Court stated that Section 703 of the MPC, 53 P.S. §10703, which provides that the Ordinance and every application for approval of a PRD " ' shall be based on and interpreted in relation to the comprehensive plan' " does not mean that the Ordinance and application are to be controlled by the comprehensive plan. *Id.* at 154, 309 A.2d at 456. A comprehensive plan is not forever binding, nor does it actually regulate land use. It recommends desirable approaches to land utilization and development of a community, not all of which become legally enforceable in a zoning ordinance. "In other words, a comprehensive plan is ab-

stract and recommendatory; whereas the zoning ordinance is specific and regulatory.'' *Morelli v. Borough of St. Marys,* 1 Pa. Commonwealth Ct. 612, 617, 275 A.2d 889, 891-92 (1971). Inconsistencies with the Benzinger Township comprehensive plan, therefore, did not strike a fatal blow to the Developer's application.

## Departures from Township Zoning Ordinances

Departures from the township zoning ordinance have no significant bearing on the approval of the PRD application. A PRD application is not to be judged by the standards of the township zoning ordinance, for "[i]t is the very essence of a planned residential development that it may diverge from zoning requirements.'' *Doran, supra,* 10 Pa. Commonwealth Ct. at 155, 309 A.2d at 457. Instead, a PRD must meet the requirements of the particular Ordinance. Here, all have agreed that the Developer has so complied.

## Requirements for Common Open Space Have Not Been Met

The Board's and Intervenors' contention that requirements for common open space in the development were not met by Developer cannot be sustained. Section 709(b)(3) of the MPC, 53 P.S. §10709(b)(3), does require townships to consider carefully provisions for common open space for public interest reasons. The MPC states that the two primary purposes of having a common open space in developments are to provide a greater opportunity for recreation and to provide for the conservation and more efficient use of open space ancillary to dwellings. The MPC itself makes no more specific demands on a developer, but says in Section 705(d), 53 P.S. §10705(d), that a township's Ordinance may include provisions which shall determine the amount and location of common open space.

Here, the common open space requirements of the Ordinance have been complied with by Developer. In

accordance with Article V, Section 504 of the Ordinance, Developer has provided in his plans for a common open space having an area of at least 25% of the total area of the development. The Board claims, however, that the location of the common open space is not in the public interest, being located on steep terrain covered with vegetation and being far removed from most of the dwelling units. The Board's objection cannot be upheld; the Ordinance contains no standards regarding location and the Board is not specific enough in its objection to the location. The Board does not explain why leaving the wooded area untouched is not the most efficient use of that open space.

The Board's additional contention that the common open space in Developer's PRD is not recreational enough is not substantiated either. For even though no specific requirements of recreational space exist in the Ordinance, Developer has designated certain areas of open space for recreational activities and has planned for children's play areas scattered throughout the units, for a basketball court and for a community building.

### Aggravation of an Existing Sewer Problem

Though connection of Developer's proposed units to the Benzinger Township sewage system will aggravate existing surcharging problems, that is not a sufficient basis for denial of Developer's application. The Developer adequately complied with all township specifications as to the sewer plans for his development. More important, it is clear from the record that the municipality's sewage system has the capacity to handle this proposed development. The problems of the system are not attributable to the discharge of sewage into the sewer lines, but to inflow and infiltration of rain water into the lines which results in overflow. The use of additional sewer lines will inevitably

increase the amount of infiltration, but fault still does not lie with the Developer.

The Developer should not bear the responsibility of alleviating the township's sewer problems which existed for a number of years and which must be remedied whether or not this particular PRD is approved. The surcharge problem was not addressed by the township's Ordinance passed in 1972. The Board's lack of perception in not limiting planned residential developments to certain sites in the township through that legislation should not be compensated for at a later date by denial of a fully compliant application for PRD.

In *Township of Lawrence v. Thompson*, 13 Pa. Commonwealth Ct. 90, 95-96, 318 A.2d 759, 761 (1974), we held that approval given a subdivision application was proper, notwithstanding the alleged threat to public health based upon the then inadequacies of the township's sewer system, because the system had more than adequate capacity for the project and the system's malfunctioning was the fault of abuse and was repairable. The decision in *Lawrence, supra,* supports our conclusion here that the existing sewage problem is not a proper basis for denial of the application.

### Problems Created by Development Outweigh Need for It

Finally, the Board's and Intervenors' public interest objections based on lack of need of the township for this low to middle income housing development find no support in law or fact. The Township of Benzinger passed the Ordinance to enable developers to more easily propose and implement adequate plans for large-scale developments. The mere existence of the Ordinance implies there is a need for such housing. If no need for this development exists, the Developer will suffer financially, not Benzinger Township.

## Conclusion

Our examination of the public interest objections brings us to the conclusion that the trial court did not manifestly abuse its discretion in approving the Developer's PRD application, for the objections here are not of a substantial and exceptional nature. Therefore, we affirm the lower court's tentative approval of Developer's application for a PRD in Benzinger Township.

### ORDER

AND Now, this 1st day of April, 1980, the order of the Court of Common Pleas of Elk County, dated July 25, 1978, is hereby affirmed.

President Judge BOWMAN and Judge DiSALLE did not participate in the decision in this case.