513 A.2d 584

Jack Rees *v.* Board of Supervisors of Indiana Township and David Ravella. David Ravella, Appellant.

Argued June 10, 1986, before Judges MACPHAIL and DOYLE, and Senior Judge ROGERS, sitting as a panel of three.

*Kevin F. McKeegan, Meyer, Unkovic & Scott,* for appellant.

*Allen L. Palmer,* with him, *Edward A. Gamble* and *David T. Mojock, Gamble, Verterano, Mojock, Piccione & Green,* for appellee, Jack Rees.

*Thomas L. Snyder, Eckert, Seamans, Cherin & Mellott,* for appellee, Indiana Township.

OPINION BY JUDGE MACPHAIL, August 5, 1986:

David Ravella (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Jack Rees from the denial of his application for tentative approval of a planned residential development (PRD) in Indiana Township (Township).

In September of 1985, Rees filed an application for tentative approval of a PRD pursuant to Article VII of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10701-10711. Section 702 of the MPC, 53 P.S. §10702, provides that "[t]he governing body of each municipality may enact, amend and repeal ordinances fixing standards and conditions for planned residential development." Pursuant to that authority, Article VI of

Ordinance No. 123 of Indiana Township (Ordinance) was adopted.

The Rees plan would develop housing for senior citizens on 34 acres of land located in an R-2 district, an area designated by the Ordinance as appropriate for a PRD.

After the required public hearings were held, the Indiana Township Board of Supervisors (Board) refused to grant tentative approval on April 9, 1985. The Board made the following factual findings in support of its denial:

1. That the proposed sewage disposal plant is not acceptable because of a serious question as to the flow of Rawlins Run Creek which is not deemed appropriate to accept the effluent.

2. That Deer Creek Drainage Basin Authority, the local area sewage authority, opposed the proposed sewage treatment plant and recommended connecting into the public sewage system.

3. That the Comprehensive Plan of the Township shows the property in question as low density residential, and the proposed development will not be harmonious with the surrounding area.

4. That the traffic problems to be created by the development on Rawlins Run Road and its intersection with Dorseyville Road would create a hazardous condition to the detriment of the Township and its citizens.

5. That zoning provisions otherwise pertaining provide for single family homes, low density use, lower building heights, and prohibits apartment-type structures.

6. That the physical design of the development does not adequately make provision for

safe vehicular traffic on Rawlins Run Road and at the dangerous intersection of Rawlins Run Road and Dorseyville Road, and does not adequately provide for sewage disposal.

The Board reasoned that "the proposed development does not provide for adequate sewage disposal and will create hazardous vehicular traffic on roads unable to handle the same. Further, the proposed development will not conform to the Comprehensive Plan of the Township and will not relate well with the surrounding neighborhood."

Rees appealed the Board's decision to the court of common pleas on May 8, 1985. On June 6, 1985, Appellant, a neighboring resident, petitioned to intervene and said petition was granted. After the filing of the appeal, Rees and the Board "entered into negotiations to resolve the terms and conditions under which the Board of Supervisors would grant the tentative approval for the planned residential development. . . ." Joint Motion for Consent Order at 1-2. At a regularly scheduled public meeting held on June 11, 1985 the Township adopted Resolution No. 85-13, dated June 11, 1985, authorizing the Mayor of the Township to execute a "Settlement Agreement and Stipulation" (Agreement). That Agreement granted tentative approval, with conditions subject to further court approval, of Rees' PRD application. The Agreement states that the "conditions . . . will adequately provide for the public health, safety and welfare and remedy those items which led to the initial rejection of the PRD . . . ." Agreement at 2.

Rees and the Township subsequently submitted a Joint Motion for Consent Order to the trial court. Attached thereto was a copy of the Agreement and a proposed order which the trial court did not sign. The Board, Rees and Appellant were directed to file briefs. Upon due consideration of the record made before the

Board and the briefs of counsel submitted to the court, the trial judge ordered that Rees' PRD be approved subject to the terms and conditions stated in the Agreement.

After a thorough examination of all briefs and the entire record, we agree with the court of common pleas that aside from the sewage disposal issue, the Board erred in determining that a PRD was not permitted in the location in question. *See Michaels Development Co. v. Benzinger Township Board of Supervisors,* 50 Pa. Commonwealth Ct. 281, 413 A.2d 743 (1980); *Doran Investments v. Muhlenberg Township Board of Commissioners,* 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973). We likewise agree that the trial court was correct when it held that the Agreement satisfied the only valid objection to the PRD (the matter of sewage disposal) and properly held that the Agreement was legally sufficient to authorize approval of the PRD.

Being of the opinion that the court properly considered and disposed of the issues now before this Court, we will affirm on the able opinion of Administrative Judge EMIL E. NARICK filed August 19, 1985 at No. SA 705 of 1985 and reported at 39 D. & C. 3d 101 (1985).

ORDER

The order of the court of common pleas in the above-captioned matter is hereby affirmed.