**Lauren MULDROW, Appellant**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA).**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 2014.

Decided Feb. 26, 2014.

Kenneth M. Kapner, Philadelphia, for appellant.

Paul C. Madden and Patrick T. Casey, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, and COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COVEY.

Lauren Muldrow (Muldrow) appeals from the Philadelphia County Common Pleas Court's (trial court) February 15, 2013 order granting Southeastern Pennsylvania Transportation Authority's (SEPTA) Motion for Summary Judgment. There are essentially three issues before this Court: (1) whether the holding in *Goldman v. Southeastern Pennsylvania Transportation Authority*, 618 Pa. 501, 57 A.3d 1154 (2012), denies SEPTA immunity protection under the act commonly referred to as the Pennsylvania Sovereign Immunity Act (Sovereign Immunity Act), 42 Pa.C.S. §§ 8521–8528; (2) whether Muldrow's cause of action comes within the vehicle liability exception to sovereign immunity; and (3) whether Muldrow's cause of action falls within the personal property exception to sovereign immunity. After review, we affirm.

On December 22, 2009, at approximately 8:45 a.m., Muldrow was a passenger on SEPTA's Route H bus. While attempting to disembark, Muldrow fell down the stairs leading to the street level allegedly sustaining injuries to her head, neck, back, right leg and right knee. Muldrow filed a Complaint with the trial court on February 8, 2012, maintaining that SEPTA's negligence was the cause of her accident and the resulting injuries. SEPTA filed an Answer and New Matter on February 13, 2012. The matter was submitted to arbitration and, on October 3, 2012, the panel

of arbitrators ruled in SEPTA's favor and against Muldrow.

Muldrow appealed from the arbitration award to the trial court on October 8, 2012. On December 31, 2012, SEPTA filed a Motion for Summary Judgment against Muldrow alleging that Muldrow was not entitled to recovery because Muldrow's claim did not come within any of the exceptions to SEPTA's statutory sovereign immunity. On January 30, 2013, Muldrow filed an Answer to SEPTA's Motion for Summary Judgment and a Cross–Motion for Partial Summary Judgment. Relying upon *Goldman*, Muldrow asserted that SEPTA was not a Commonwealth party and, therefore, SEPTA was not immunized from suit by the Sovereign Immunity Act. In addition, Muldrow argued that her negligence claim fell within the "care, custody and control of personal property" exception established by Section 8522(b)(3) of the Sovereign Immunity Act, 42 Pa.C.S. § 8522(b)(3). SEPTA replied to Muldrow's Answer and Cross–Motion on February 5, 2013, contending that it was indeed a Commonwealth party, and reiterating that it was entitled to sovereign immunity under Pennsylvania law.

On February 15, 2013, the trial court granted SEPTA's Motion for Summary Judgment and dismissed Muldrow's lawsuit. On March 12, 2013, Muldrow appealed to the Superior Court. On April 15, 2013, the trial court filed its opinion. On May 8, 2013, the Superior Court transferred the appeal to this Court.[1]

---

1. An order of a trial court granting summary judgment may be disturbed by an appellate court only if the court committed an error of law, thus, our standard of review is *de novo*, and our scope of review is plenary. The entry of summary judgment is proper whenever no genuine issue of any material fact exists as to a necessary element of the cause of action. The moving party's right to summary judgment must be clear and free from doubt. We examine the record, which consists of all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 599 Pa. 546, 559, 962 A.2d 639, 647 (2009) (citations omitted).

Muldrow first argues that because the Pennsylvania Supreme Court ruled in *Goldman* that SEPTA is not an arm of the Commonwealth under the Eleventh Amendment of the United States Constitution (Eleventh Amendment), and SEPTA was a party to that litigation, SEPTA is bound by *Goldman*. Therefore, Muldrow contends that SEPTA is collaterally estopped from asserting otherwise and *Goldman* is res judicata on the issue of sovereign immunity. In addition, Muldrow asserts that the cases prior to *Goldman* which held that SEPTA is statutorily classified by the legislature as a Commonwealth agency were decided under the former version of the Metropolitan Transportation Authorities Act (MTAA) and therefore are inapplicable.[2] Moreover, Muldrow avers that although *Goldman* stated that SEPTA was statutorily categorized as a Commonwealth agency, the Court was referring to the weight of authority, not holding that it agreed with it, thus, the fact that an enabling statute exists does not automatically give SEPTA the status of a political body. Finally, Muldrow claims that based on SEPTA's inefficiencies and net worth, it is undeserving of sovereign immunity.

SEPTA responds that *Goldman* does not apply to the instant matter as *Goldman* involved Eleventh Amendment immunity and this case involves state common law sovereignty. SEPTA maintains that Eleventh Amendment immunity and state statutory immunity are two distinct concepts which do not share common origins or qualifying criteria. Further, SEPTA asserts that the *Goldman* Court specifically acknowledged the legislature's classification of SEPTA as a Commonwealth agency. In addition, SEPTA contends that our Supreme Court reaffirmed SEPTA's sovereign immunity weeks before the *Goldman* decision in *Frazier v. Workers' Compensation Appeal Board (Bayada Nurses, Inc.)*, 616 Pa. 592, 52 A.3d 241 (2012), wherein, it held that SEPTA was immune from subrogation claims from a claimant's tort recovery with respect to workers' compensation benefits. Finally, SEPTA retorts that Muldrow does not contest the General Assembly's authority to confer the Commonwealth's sovereign immunity upon SEPTA, only the wisdom of it, and that Muldrow has no evidence to support her assertions that SEPTA is undeserving of sovereign immunity as precedent holds otherwise.

In *Frazier*, our Supreme Court found SEPTA to be a Commonwealth party for purposes of Section 23 of Act 44[3] of the Workers' Compensation Act[4] and, therefore, it was entitled to sovereign immunity. In *Goldman*, our Supreme Court expressly held that "[w]e agree with SEPTA that . . . SEPTA has been statutorily classified by the legislature as an agency of the Commonwealth." *Id.* at 543–44, 57 A.3d at 1180. The *Goldman* Court also held: "we conclude SEPTA is not an arm of the Commonwealth of Pennsylvania, and thus not entitled to claim immunity under the Eleventh Amendment." *Id.* at 552, 57 A.3d at 1185. The Supreme Court clearly distinguished between federal Eleventh

---

**2.** Act of August 14, 1963, P.L. 984, 66 Pa.C.S. §§ 2001–2043 (repealed), current version at 74 Pa.C.S. §§ 1701–1785 (SEPTA's enabling statute).

**3.** Act of July 2, 1993, P.L. 190, No. 44. Section 23 of Act 44 provides: "The Commonwealth, its political subdivisions, their officials and employees acting within the scope of their duties shall enjoy and benefit from sovereign and official immunity from claims of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits." *Id.*

**4.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–2708.

Amendment immunity and state statutory immunity, as follows:

> [S]tates cannot confer immunity on entities against a suit **brought under federal law** by mere statutory enactment alone. Therefore, because the issue of whether SEPTA is an arm of the Commonwealth entitled under the Eleventh Amendment to claim the protection of the Commonwealth's sovereign immunity is a question of federal law, interpretation of the Pennsylvania Sovereign Immunity Act does not control our resolution of this question.

*Id.* at 520 n. 9, 57 A.3d at 1165 n. 9 (citation omitted and emphasis added). The instant case is a state action, and does not involve federal law; hence, *Goldman* does not preclude us from holding that SEPTA is a Commonwealth agency for purposes of the Sovereign Immunity Act.

In a case involving a strikingly similar fact pattern and issue, this Court in *Knox v. SEPTA*, 81 A.3d 1016 (Pa.Cmwlth.2013), ruled that the Sovereign Immunity Act applies, and *Goldman* is inapposite. The *Knox* Court stated:

> A close reading of our Supreme Court's decision in *Goldman* shows that the Court did not hold that SEPTA is not a Commonwealth Agency for purposes of the Sovereign Immunity Act.... The Supreme Court specifically noted that it was not deciding whether Section 8522 of the Sovereign Immunity Act, 42 Pa. C.S. § 8522, barred any claims brought under [Federal Employees Liability Act (]FELA[ ) ]. '[B]ecause the issue of whether SEPTA is an arm of the Commonwealth entitled under the Eleventh Amendment to claim the protection of the Commonwealth's sovereign immunity is a question of federal law,' the Supreme Court held that interpretation of the Sovereign Immunity Act did not control its resolution of this question.

> Accordingly, we decline to extend the decision in *Goldman* to hold in this case that SEPTA is not a Commonwealth agency for purposes of the Sovereign Immunity Act.

*Id.* at 1022 (citations omitted). In accordance with the *Knox* holding, *Goldman* does not deny SEPTA immunity protection under the Sovereign Immunity Act.

■ Muldrow next argues that her claim comes within the vehicle liability exception to the Sovereign Immunity Act and not within the Pennsylvania Supreme Court's holding in *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988) because a stopped bus where the motor is running and the bus driver's hands are on the wheel should be considered "in operation" for purposes of the vehicle liability exception.

SEPTA rejoins that Muldrow waived this issue on appeal because she did not raise the vehicle liability exception to sovereign immunity in her 1925(b) Statement of Errors Complained of on Appeal (1925(b) Statement) or in the Statement of Questions Presented Section (Questions Presented) of her Brief filed with this Court. SEPTA further replies that, notwithstanding, Muldrow's argument is without merit because there is no dispute that Muldrow's injuries were allegedly sustained when she alighted from a stopped bus and our Supreme Court held in *Love* that a stopped bus is not "in operation" for purposes of the vehicle liability exception to the Sovereign Immunity Act.

■ The law is well-established that "any issues not raised in a Rule 1925(b) [S]tatement will be deemed waived[.]" *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011). In addition, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.

R.A.P. 2116(a). Here, Muldrow did not raise an issue relating to the vehicle liability exception to the Sovereign Immunity Act in her 1925(b) Statement or in her Questions Presented. She did, however, add the following clause to her 1925(b) Statement:

> As the parties raised certain legal and factual issues in each's (sic) motions and responses thereto, but as the Honorable Trial Court granted [SEPTA's] relief and denied [Muldrow's] with an order that did not identify the bases, [Muldrow] cannot assert errors in greater particularity, which will become clearer only after this Honorable Court issues its Opinion in Support of Order pursuant to Pa. R.A.P. (sic) 1925(a).

Plaintiff's 1925(b) Statement at 1–2. Even assuming, arguendo, that Muldrow was not aware of the reasons for the trial court's order at the time she filed her 1925(b) Statement, she certainly had full knowledge of the trial court's reasons for its decision at the time she prepared her Questions Presented. Indeed, she devoted four pages of her Brief to this argument. Accordingly, we hold that Muldrow waived any issues relating to the vehicle liability exception to sovereign immunity for failing to properly raise the same.

■ Notwithstanding, Section 8522(b) of the Sovereign Immunity Act provides in relevant part:

> The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> (1) **Vehicle liability.**—The **operation of any motor vehicle** in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S. § 8522(b) (emphasis added). In *Love,* our Supreme Court expressly held:

> [T]o operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle.... Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle.

*Id.* at 375, 543 A.2d at 533. More recently, this Court specifically held that a stopped bus "was not in operation" for purposes of sovereign immunity. *Knox,* 81 A.3d at 1024. Consequently, even if Muldrow properly raised the vehicle liability exception, she could not prevail.

■ Finally, Muldrow maintains that if the vehicle liability exception does not apply, then the stationary transit vehicle should be considered SEPTA's personal property and the action treated as a slip and fall under the personal property exception to the Sovereign Immunity Act. Muldrow asserts that there is no dispute that the bus was in the care, custody and control of SEPTA.

SEPTA answers that a bus is not personal property and, even if it were, the bus itself was not responsible for Muldrow's injury. The ice on the bus, not the bus itself, caused Muldrow to fall. Further, SEPTA contends that because Muldrow cites no law to support this argument, it is an undeveloped argument and, thus, is waived.

Our Supreme Court has held that an undeveloped argument is waived. *Commonwealth v. Spotz,* 610 Pa. 17, 18 A.3d 244 (2011). Further, an argument "not supported by pertinent authority ... is waived." *Eckman v. Erie Ins. Exchange,* 21 A.3d 1203, 1208 (Pa.Super.2011). We

agree with SEPTA that Muldrow has waived this issue by failing to include supporting authority and thus not developing it.

■ Notwithstanding, Section 8522(b) of the Sovereign Immunity Act provides in relevant part:

> The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (3) **Care, custody or control of personal property.**—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency. . . .

42 Pa.C.S. § 8522(b). The United States District Court for the Eastern District of Pennsylvania recognized the well-established law on this issue, and succinctly stated:

> Pennsylvania courts have not applied the personal property exception to SEPTA buses, holding that '[t]o conclude that a bus is not a motor vehicle but personal property is to ignore the plain language of the vehicle exception.' *SEPTA v. Simpkins,* [167 Pa.Cmwlth. 451, 457,] 648 A.2d 591, [594 (1994) ]; *see also Ross v. SEPTA,* 714 A.2d 1131, 1134 [ (Pa.Cmwlth.1998) ] (holding same in the context of a SEPTA train).

*McCree v. [SEPTA],* No. 07–4908, at n. 5, 2009 WL 166660 (E.D.Pa. Jan. 22, 2009). Consequently, even if Muldrow had properly developed her argument, she could not prevail.

For all of the above reasons, the trial court's order is affirmed.

Judge BROBSON did not participate in the decision in this case.

### *ORDER*

AND NOW, this 26th day of February, 2014, the Philadelphia County Common Pleas Court's February 15, 2013 order is affirmed.