IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Outdoor, LLC          :
                                     :
            v.                       :
                                     :  No. 1303 C.D. 2016
                                     :  Argued:  February 7, 2017
Westtown Township and Therese L.     :
Money                                :
                                     :
Appeal of:  Therese L. Money         :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: March 20, 2017


        Therese L. Money (Money) appeals the order of the Court of Common Pleas of Chester County (trial court) granting Westtown Township (Township) and Chester County Outdoor, LLC's (Chester Outdoor) joint petition for approval of the first amendment to the parties' settlement agreement and denying as moot Money's petition for contempt and sanctions.  For the following reasons, we affirm.


                                    **I.**

        Many of the facts in this case were set out in more detail in a previous appeal filed by Money, which also pertained to the parties' settlement agreement.

*See Money v. Board of Supervisors of the Township of Westtown (Money I)*, 89 A.3d 308 (Pa. Cmwlth. 2014). Pertinent to this case, in December 2010, Chester Outdoor challenged the validity of the Township's Zoning Ordinance alleging a *de jure* exclusion of off-premises billboards and advertising signs in the Township. Following negotiations, Chester Outdoor and the Township drafted a proposed settlement agreement (Settlement Agreement) permitting Chester Outdoor to construct an off-premises digital outdoor sign (Billboard)[1] adjacent to Money's property. Section 8.f of the Settlement Agreement states that "[t]he Proposed Monument Sign shall not . . . [s]pill **any** light or glare onto neighboring properties or the roadway. . . ." (Reproduced Record (R.R.) at 18a-19a.) (Emphasis added.)

Moreover, the Settlement Agreement specifies that Chester Outdoor is responsible for maintenance and repair of the Billboard as well as landscaping, and Section 7 states, in pertinent part, "[t]he maintenance responsibilities of Chester Outdoor shall be set forth in a separate Maintenance Agreement which shall be incorporated by reference into this [Settlement] Agreement and made part hereof." (R.R. at 18a.) Section 12(c) also contains an integration clause, stating that the Settlement Agreement "shall constitute the entire agreement among the Parties and supersedes all prior negotiations, understandings and agreements of any nature whatsoever with respect to the subject matter hereof." (R.R. at 20a.)

---

[1] The parties and previous opinion of this Court also refer to the Billboard as the Monument Sign.

2

Because the site of the proposed Billboard was in close proximity to Money's property, the Township provided her with notice of the Board of Supervisors' (Board) scheduled consideration of the Settlement Agreement.[2] Relying upon information provided by the Township and its counsel, Money did not object, and both the Board and the trial court approved the Settlement Agreement. That settled and discontinued the proceedings except for purposes of enforcement.[3]

At a February 6, 2012 public meeting of the Board to consider the proposed Maintenance Agreement, Money's counsel appeared and objected, arguing that the screening proposed by Chester Outdoor did not comply with the landscape plan or with Paragraph 8.f's requirement that the sign should not "spill any light or glare onto neighboring properties or the roadway." (R.R. at 19a.) The

---

[2] In zoning and land use matters, zoning disputes can be settled over the objection of potential aggrieved parties provided the agreement is reasonable and not adverse to the public health, safety, morals and general welfare. *See Rees v. Board of Supervisors of Indiana Township,* 513 A.2d 584 (Pa. Cmwlth. 1986); *Summit Township Taxpayers Association v. Summit Township Board of Supervisors*, 411 A.2d 1263 (Pa. Cmwlth. 1980). Agreements that settle a zoning challenge can be entered into as long as there is public notice of such a settlement and the public is provided with an opportunity to participate and be heard. If there is outstanding litigation, an aggrieved party can intervene as of right in the proceeding. If there is no litigation, then an aggrieved party can appeal the governing body's administrative action in approving the maintenance agreement. *See Money I*; *Yaracs v. Summit Academy*, 845 A.2d 203 (Pa. Cmwlth. 2004); *Summit Township*.

[3] The trial court's September 1, 2011 order approving the Settlement Agreement states "[t]his Court shall retain jurisdiction over this matter for purposes of enforcing the terms of the Settlement Agreement." (R.R. at 26a.)

3

Board approved the Maintenance Agreement and accompanying landscape plan, despite Money's objection.[4]

Money appealed[5] the Board's approval of the Maintenance Agreement to the trial court, and Chester Outdoor filed a petition to strike arguing Money was not a party to the Settlement Agreement. The trial court granted the petition and dismissed Money's appeal, holding that the Board's approval of the Maintenance Agreement was not an appealable adjudication under the Local Agency Law (Law).[6] Money then appealed to this Court.

In *Money I*, we noted that settlement agreements affecting personal or property rights are appealable adjudications under Section 101 of the Administrative Agency Law, 2 Pa. C.S. § 101. 89 A.3d at 312 (citations omitted). Moreover, "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals. . . ." 2 Pa. C.S. § 752.

---

[4] Chester Outdoor subsequently submitted a revised landscape plan. The Township solicitor's landscape consultant identified several deficiencies in the plan and Money also lodged objections at the Board's February 21, 2012 meeting. Nonetheless, the Board approved the revised landscape plan.

[5] Money filed a petition to intervene in the trial court action on February 6, 2013. The trial court granted her unopposed motion on April 3, 2013, and she was granted party status to enforce the Settlement Agreement.

[6] 2 Pa. C.S. §§ 551-555, 751-754.

4

Given the above, we reversed the trial court holding that the Maintenance Agreement made changes to the substantive provisions of the Settlement Agreement that could not be integrated by mere incorporation under Paragraph 7's integration clause. We held that "[t]he Maintenance Agreement changed the express and substantive terms of the Settlement Agreement by removing Paragraph 8.f's prohibition [against spilling any light or glare onto neighboring properties]. As a result, the Maintenance Agreement constitutes a new 'adjudication' modifying the Settlement Agreement which Money could properly appeal to the trial court." *Money I*, 89 A.3d at 313 (citing *Melat v. Melat*, 602 A.2d 380, 385 (Pa. Super. 1992)). We remanded the case for the trial court to consider the merits of Money's appeal. On remand, the trial court issued an order dated September 4, 2015, invalidating the Board's approval of the Maintenance Agreement. That ended that proceeding.

## II.

On July 29, 2013, Money filed a contempt petition in the trial court alleging Chester Outdoor and the Township were in violation of Section 8.f of the Settlement Agreement because light and/or glare was spilling onto Money's property from the Billboard. Money was permitted to withdraw the contempt petition without prejudice on November 13, 2013. She then filed a similar contempt petition on November 19, 2013, which was withdrawn on March 10, 2014.

On February 10, 2014, Chester Outdoor and the Township proposed a First Amendment to the Settlement Agreement (First Amendment) amending

5

Section 8.f of the Settlement Agreement "to 'clarify' the mutual understanding and original intent of Chester Outdoor and the Township."[7] (Trial Court's August 25, 2016 Opinion at 3.) Section 8.f of the First Amendment states "[t]he Proposed Monument Sign shall not . . . [s]pill any light or glare onto neighboring properties or the roadway **in excess of 0.1 footcandles**. . . ." (*Id.*) (Emphasis added.) The Board approved the First Amendment during a February 10, 2014 public meeting, at which Money's counsel appeared and objected.

Money did not file an appeal from the Board's decision to approve the First Amendment. Instead, on November 2, 2015, Money filed another contempt petition in the trial court alleging Chester Outdoor and the Township are in contempt of the trial court's September 1, 2011 order approving the Settlement Agreement because light and/or glare are spilling from the Billboard onto her property in violation of the terms of that agreement.

On November 19, 2015, Chester Outdoor and the Township filed a joint petition to have the trial court approve the First Amendment, which Money opposed. Chester Outdoor and the Township claimed that they always intended Section 8.f of the Settlement Agreement to comply with the "dark skies" and off-premises advertising sign provisions of the Township's Zoning Ordinance which permit a maximum luminance of 0.1 footcandles.

---

[7] Section 12(d) of the Settlement Agreement provides, in pertinent part, that the "[Settlement] Agreement may be amended upon the written consent of the Parties to this Agreement. . . ." (R.R. at 20a.)

6

Following oral argument, the trial court issued an order granting the joint petition to approve the First Amendment and denying Money's petition for contempt. Citing our decision in *Money I*, the trial court determined that because the First Amendment affects Chester Outdoor's property rights and potentially other aggrieved parties' property rights, the Board's approval of the First Amendment was an adjudication under the Law. Because Money did not appeal the Board's approval of the First Amendment, her appeal is barred and she cannot now collaterally attack or contest the validity of the First Amendment. The trial court approved the First Amendment, finding that allowing up to 0.1 footcandles of illumination at the property line is reasonable and consistent with the public health, safety, morals and general welfare.

As for the contempt petition, the trial court determined that "Money has failed to demonstrate facts sufficient to establish a finding of civil contempt against the Township and Chester Outdoor." (Trial Court's July 14, 2016 Order at 2.) The trial court also held that its order approving the First Amendment applies retroactively to February 10, 2014, when the Board approved the First Amendment at its public meeting; therefore, Money's November 2, 2015 petition for contempt is moot. This appeal followed.[8]

---

[8] We review a trial court's acceptance or rejection of a settlement proposal for abuse of discretion. *BPG Real Estate Investors-Straw Party II, L.P. v. Board of Supervisors of Newtown Township*, 990 A.2d 140, 145 (Pa. Cmwlth. 2010). Our review of a trial court's contempt order is limited to determining whether the trial court committed an error of law or abused its discretion. *Office of Attorney General v. Lubisky*, 88 A.3d 328, 332 n.5 (Pa. Cmwlth. 2014) (citing *Township of Lycoming v. Shannon*, 780 A.2d 835, 838 n.1 (Pa. Cmwlth. 2001)).

7

## III.

### A.

Money first argues that the trial court abused its discretion in holding that the Board's February 10, 2014 approval of the First Amendment was an adjudication from which she was required to take an appeal. She argues that her current situation is different from that of *Money I* because, there, Chester Outdoor and the Township attempted to incorporate into the Settlement Agreement by reference a separate Maintenance Agreement which adversely affected her rights and substantially changed the terms of the Settlement Agreement. She also attempts to differentiate the situations by claiming Chester Outdoor and the Township never petitioned the trial court for approval of the Maintenance Agreement in *Money I*.

Just like the Maintenance Agreement in *Money I*, the First Amendment changes "the express and substantive terms of the Settlement Agreement by removing Paragraph 8.f's prohibition." *Money I*, 89 A.3d at 313. Specifically, the First Amendment removes the total ban on light or glare from the Billboard and now allows the Billboard to spill light or glare onto Money's property up to 0.1 footcandles in luminance. It also modifies the terms of the Settlement Agreement, again affecting the personal or property rights of those involved. Money appeared, via counsel, at the Board's February 10, 2014 meeting and objected to the First Amendment, but failed to file an appeal of the Board's approval to the trial court. Just as in *Money I*, to challenge the propriety of the First Amendment, Money was required to take steps to challenge that action.

8

Because she did not do so, Money cannot now contest the propriety of the terms contained in the First Amendment.

**B.**

Money also argues that she is not barred from challenging the validity of the First Amendment because she is a party as the trial court granted her petition to intervene in *Money I*. While the trial court did grant Money's petition to intervene, the only matter in which the trial court could allow intervention was whether Chester Outdoor and the Township had complied with the Settlement Agreement. That intervention did not make Money a party to the underlying Settlement Agreement. What gave her the ability to challenge the Maintenance Agreement was Money appealing that action by the Board, which ended when the trial court invalidated the Maintenance Agreement. The First Amendment is a separate agreement, and while Money may have had the ability to participate through an appeal or other proceeding,[9] she failed to do so.

---

[9] Money also argues that the Board's approval of the Settlement Agreement is not an adjudication because she had another existing forum in which to assert her rights, e.g., she could file an action in the trial court to enforce the Settlement Agreement pursuant to the September 1, 2011 order. *See Middle Creek Bible Conference Inc. v. Department of Environmental Resources*, 645 A.2d 295, 300 (Pa. Cmwlth. 1994) ("[w]hen an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, privileges or immunities, the agency's act is an adjudication.") (quoting *Wortman v. Philadelphia Commission of Human Relations*, 591 A.2d 331 (Pa. Cmwlth. 1991)). Because this issue was not raised in Money's statement of errors complained of on appeal, it has been waived. *See* Pa. R.A.P. 1925(b)(3)(vii); *Muldrow v. Southeastern Pennsylvania Transportation Authority*, 88 A.3d 269 (Pa. Cmwlth. 2014). Moreover, this same remedy was available to Money at the time she filed her appeal in *Money I*.

## C.

In addition, Money argues that the trial court erred or abused its discretion in applying the First Amendment retroactively to February 10, 2014, the date of the Board's approval, and not all the way back to 2011 when the Settlement Agreement was first drafted, making her contempt petition moot.[10] Money willingly withdrew her previous contempt petitions and the current petition was not filed until November 2, 2015, some 21 months after the Board's approval of the First Amendment. Because the trial court's order makes the First Amendment retroactive to February 10, 2014, the date of the Board's approval, Money's petition is moot.[11] In any event, no matter which date the trial court made the First Amendment effective, once approved, it made Money's petition moot because Chester Outdoor and the Township were in compliance with the Settlement Agreement.

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[10] Given our decision on this issue, we do not reach Money's substantive arguments regarding the First Amendment's approval including the mutual understanding and intent of Chester Outdoor and the Township. Notably, Money does not develop an argument nor did she present any evidence before the trial court that approval of the First Amendment is unreasonable or inconsistent with the public health, safety, morals and general welfare.

[11] Because the remainder of Money's arguments either were not raised before the trial court or were not included in Money's statement of errors complained of on appeal, they have been waived. *See* Pa. R.A.P. 302(a) and 1925(b)(3)(vii); *Muldrow v. Southeastern Pennsylvania Transportation Authority*, 88 A.3d 269 (Pa. Cmwlth. 2014); *Campbell v. Department of Transportation, Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Outdoor, LLC   :
  :
      v.   :
  :  No. 1303 C.D. 2016
Westtown Township and Therese L.   :
Money   :
  :
Appeal of: Therese L. Money   :

# **O R D E R**

AND NOW, this 20<u>th</u> day of <u>March</u>, 2017, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County Outdoor, LLC :
:
        v. : No. 1303 C.D. 2016
: Argued: February 7, 2017
Westtown Township and :
Therese L. Money :
:
Appeal of: Therese L. Money :


**BEFORE:**   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


## OPINION NOT REPORTED

**CONCURRING OPINION**
**BY JUDGE BROBSON**             **FILED: March 20, 2017**


Respectfully, I believe the Court erred in *Money v. Board of Supervisors of the Township of Westtown*, 89 A.3d 308 (Pa. Cmwlth. 2014) (*Money I*), when it ruled that a local governing board's vote to authorize its legal counsel to settle litigation is an adjudication that is appealable under the Local Agency Law (LAL).[1] The decision in *Money I* is on such weak footing that,

---

[1] 2 Pa. C.S. §§ 551-555, 751-754. "Adjudication" is defined as follows:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

2 Pa. C.S. § 101.

notwithstanding *stare decisis* and the law of the case doctrine,[2] it deserves reconsideration by the Court.

Not every action of a local agency governing body is an adjudication. For the reasons set forth in Judge Covey's dissent in *Money I*, a vote of a board of supervisors approving a settlement of litigation does not constitute an adjudication under the LAL that may be appealed to the court of common pleas. It is an "executive," not quasi-judicial, function by a local governing body to authorize its attorney to terminate pending litigation on agreed-to terms. *See* 65 Pa. C.S. § 708(a) (authorizing "executive" sessions to discuss matters inherently managerial in nature, including to discuss litigation strategy). To the extent a party adversely affected by the settlement of the litigation wishes to challenge the settlement itself (rather than the governing board's executive decision to enter into the settlement), then the remedy is to seek intervention in the disputed litigation and object to the settlement, not to appeal a public vote authorizing counsel to enter into the settlement on the municipality's behalf. *Summit Twp. Taxpayers Assoc. v. Summit Twp. Bd. of Supervisors*, 411 A.2d 1263 (Pa. Cmwlth. 1980) (holding that to challenge settlement of validity challenge to zoning ordinance, party must intervene in litigation that is the subject of settlement, not appeal governing body's vote to authorize settlement).

---

[2] *Flagiello v. Pa. Hosp.*, 208 A.2d 193, 205 (Pa. 1965) ("The principle of *stare decisis* does not demand that we follow precedents which shipwreck justice."); *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995) (holding that departure from law of the case doctrine appropriate in only exceptional circumstances, such as where "the prior holding was clearly erroneous and would create a manifest injustice if followed").

In this case, on November 19, 2015, Chester County Outdoor, LLC (Chester Outdoor) and Westtown Township (Township) filed a joint petition with the Court of Common Pleas of Chester County (trial court), seeking court approval of an amendment to their settlement agreement (First Amendment). At that time, Therese L. Money (Money) was a party intervenor, having secured that status over two years earlier. Nonetheless, the majority relies on *Money I* to hold that Money, although a party to the litigation, could not object to the joint petition because she did not appeal the Township Board of Supervisor's vote authorizing the filing of the joint petition. Such a ruling may be consistent with *Money I*, but it is not consistent with any other precedent, particularly *Summit Township*. Here, Money did exactly what this Court in *Summit Township* said she had to do to protect her interest—*i.e.*, she intervened in the court proceeding that was the subject of the settlement and lodged her objection.

Notwithstanding my disagreement with *Money I*, like the majority, I would affirm the trial court's decision approving the First Amendment, but on different grounds. The trial court held that the Township and Chester Outdoor could lawfully amend their original settlement agreement and that the First Amendment was reasonable and consistent with the public health, safety, morals, and general welfare. Nothing in Money's brief on appeal convinces me that the trial court erred in its determinations. Accordingly, for these reasons, I would affirm.

---

P. KEVIN BROBSON, Judge

PKB-3